FILED

2004 SEP 10 A 11: 49

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION : | CIVIL ACTION NO. |
| Plaintiff : | 3 02 CV 1824 AVC |
| : | |
| VS. : | |
| : | |
| TOWN OF BRANFORD: GEORGETTE : | |
| LASKE, MARGARET HALL, EDWARD : | |
| MASOTTA, THOMAS WOODFORD and : | |
| THE LEGION INSURANCE COMPANY : | |
| Defendants : | SEPTEMBER 8, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL AND/OR DISMISS

BACKGROUND

The plaintiff Westport Insurance Company initiated this action against Legion Insurance Company and others seeking a declaration regarding the existence and applicability of a policy of insurance it issued to an underlying dispute involving the remaining defendants. Legion Insurance Company had issued a policy of insurance to the Town of Westport and had a direct interest in the existence and application of the Westport policy.

When Legion Insurance Company entered rehabilitation and then liquidation, the Connecticut Insurance Guaranty Association [CIGA] stepped into its place to provide coverage for the Town of Westport and into its interest in the application of the Westport

3

policy. Given the stay that exists as to litigation involving Legion Insurance Company, the plaintiff opted to continue this action by substituting CIGA as a party defendant in place of Legion Insurance Company. The undersigned counsel agreed to accept service on behalf of CIGA. The plaintiff therefore filed its Motion for Substitution of Party Defendant dated June 21, 2004 and that Motion was subsequently granted by the court.

Somewhat to the surprise of the undersigned, however, the plaintiff did not follow the granting of that Motion with the filing of a substituted complaint deleting reference to Legion Insurance Company and substituting allegations naming CIGA. Although the undersigned counsel agreed to accept service on behalf of CIGA, no service of any complaint naming CIGA was ever offered or attempted.

Nevertheless, in response to plaintiff's representations to this court and to the commissioner of insurance that an appearance for CIGA was overdue, an appearance was filed on or about September 2, 2004. CIGA is now in the position of having appeared in a case in which the complaint does not mention it and to which it cannot plead.

The defendants have therefore filed their Motion seeking an order compelling the plaintiff to file a substituted complaint deleting allegations against Legion Insurance Company and substituting allegations against the Connecticut Insurance Guaranty Association, in conformance with the Motion for Substitution of Party Defendant which was granted by this court on or about July 14, 2004 or, in the absence of such substituted

4

complaint, to dismiss this action in accordance with Fed. R. Civ. P. 12(b)(4) and (6) and U.S.C. §2201.

ARGUMENT

Although the plaintiff obtained an order granting the plaintiff's Motion for Substitution of Party Defendant, that order does not satisfy the plaintiff's obligations with respect to pursuing a claim against this new defendant, or deleting the allegations against the old one. Rather, the plaintiff must file a substituted or amended complaint removing reference to the party no longer in this case and stating some claim against or interest of the party added to the case. The undersigned counsel, having agreed to accept service for CIGA, expected that something would be served on him as agent. Given that counsel has appeared for CIGA even in the absence of a pleading against it, the simple filing of an appropriate pleading properly identifying the parties to the action and their interest would suffice. Without such a pleading, CIGA finds itself in limbo. Although its substitution as a party defendant has been ordered, there is no complaint naming it and no claim against it to which it may plead and defend.

In the absence of a pleading against this defendant, the plaintiff has not satisfied Fed. R. Civ. P. 12(b)(4) requiring sufficient process and Fed. R. Civ. P. 12(b)(6) requiring a claim upon which relief may be granted. And if CIGA, the entity directly affected by the existence of coverage under the Westport policy, is not a party to this action, the action

5

cannot and should not proceed at all. <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277 (1995). In order to obtain a declaration of rights that would bind CIGA, it must be a party. <u>Temple v. Synthes Corp.</u>, 498 U.S. 5 (1990). The other defendants, which have the protection of CIGA, do not have the same interest in litigating the existence of coverage under the Westport policy.

CIGA is not asking that this action be dismissed on a technicality. Indeed, the action need not be dismissed at all if the plaintiff will file an appropriate substituted or amended complaint properly stating the interest of the party it purports to summon to court. The defendants request an order that the plaintiff file such a substituted or amended pleading.

CONCLUSION

For the foregoing reasons, the defendants respectfully request that their Motion to Compel or Dismiss be granted.

6

THE DEFENDANTS

BY _____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut 06126-1798
(860) 525-3101    Fed Bar # ct05733

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 8th day of September, 2004, to:

Michael S. Taylor, Esq.
Horton, Shields & Cormier, P.C.
90 Gillett Street
Hartford, Connecticut 06105
(860) 522-8338

_____
Jack G. Steigelfest
Howard, Kohn, Sprague & FitzGerald