UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION<br>Plaintiff | : | CIVIL ACTION NO.<br>3 02 CV 1824 AVC |
| VS. | : | |
| TOWN OF BRANFORD: GEORGETTE LASKE, MARGARET HALL, EDWARD MASOTTA, THOMAS WOODFORD and THE LEGION INSURANCE COMPANY<br>Defendants | : | SEPTEMBER 24, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER

BACKGROUND

The plaintiff Westport Insurance Company initiated this action against the several defendants seeking a declaration regarding the existence and applicability of a policy of insurance it issued to an underlying dispute.

In response to the plaintiff's recent Motion for Extension of time dated August 31, 2004, the court extended the deadline for the completion of discovery to September 30, 2004 and the deadline for the filing of dispositive motions to November 1, 2004. The defendants did not object to this Motion.

Initially by letter dated June 21, 2004 and then by way of formal discovery request dated July 29, 2004, the defendants sought production of the insurance policy that lies at

3

the center of this dispute. Affidavit ¶¶    . When the policy was not timely produced, the defendants faxed a letter, dated September 8, 2004, seeking compliance. No compliance, or explanation, has been forthcoming from the plaintiff.

Given the recently amended schedule adopted by the Court, the defendants have little choice but to seek an order from the Court compelling the production of the policy and seeking such other orders as may be appropriate under the circumstances.

ARGUMENT

The plaintiff's insurance policy is the crux of this litigation. The plaintiff was obligated to produce that policy within 30 days of the defendants' formal request for it. Indeed, the plaintiff should have voluntarily produced it without the need for a formal request. Yet the defendants now find themselves 4 weeks after the due date for the discovery and only one week from the discovery cut off established by the court preliminary to the filing of dispositive motions. Fed. R. Civ. P. 37 and Local Rule 37 provide for the entry of orders, including order to compel and the entry of appropriate sanctions, in order to rectify a party's failure to comply with discovery. Such orders should issue in this matter.

CONCLUSION

For the foregoing reasons, the defendants respectfully request that their Motion for

4

Order be granted.

                                        THE DEFENDANTS

                                        BY _____
                                        Jack G. Steigelfest, Esq.
                                        Howard, Kohn, Sprague & FitzGerald
                                        Post Office Box 261798
                                        Hartford, Connecticut 06126-1798
                                        (860) 525-3101   Fed Bar # ct05733

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 24th day of September 2004, to:

Michael S. Taylor, Esq.
Horton, Shields & Cormier, P.C.
90 Gillett Street
Hartford, Connecticut 06105
(860) 522-8338

                                        _____
                                        Jack G. Steigelfest
                                        Commissioner of the Superior Court

5

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160