UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION | : | CIVIL ACTION NO. |
| Plaintiff | : | 3 02 CV 1824 AVC |
| | : | |
| VS. | : | |
| | : | |
| TOWN OF BRANFORD:  GEORGETTE LASKE, MARGARET HALL, EDWARD MASOTTA, THOMAS WOODFORD and THE CONNECTICUT INSURANCE GUARANTY ASSOCIATION | : | |
| Defendant | : | OCTOBER 29, 2004 |

## COUNTERCLAIM

1. The defendant/counterclaim plaintiff Connecticut Insurance Guaranty Association [hereinafter CIGA] is an entity established by the statutes of the State of Connecticut.

2. Upon information and belief, the plaintiff/counterclaim defendant Westport Insurance Company [Westport Insurance] is a Missouri corporation with its principal place of business in Overland Park, Kansas.

3. Upon information and belief, Westport Insurance Corporation is authorized to and does engage in the business of insurance in the State of Connecticut.

4. This Court has jurisdiction over the parties and the subject matter of this dispute pursuant to 28 U.S.C. §§1332 and 2201. The amount in controversy, exclusive of

interest and costs, exceeds $75,000.

5. On November 1, 2000, John Barone, while in the course of his employment for John's Refuse Removal, Inc., sustained a personal injury.

6. John Barone has instituted an action for money damages stemming from that November 1, 2000 injury against the Town of Branford and against certain Town officials, Margaret Hall, Edward Mosotta, and Thomas Woodford, among other entities.

7. At the time of the November 1, 2000 injury, John Barone and John's Refuse Removal, Inc. were performing the obligations stated in a Haul of Corrugated Cardboard Contract with the Town of Branford.

8. The Haul of Corrugated Cardboard Contract, in Section VI, entitled Insurance, obligated John's Refuse Removal, Inc. to provide general liability insurance with not less than $1,000,000 in coverage and to name the Town of Branford as an additional insured on said policy.

9. The Haul of Corrugated Cardboard Contract, in Section VI, entitled Insurance, obligated John's Refuse Removal, Inc. to save the Town of Branford harmless from all suits or actions brought against it for, or on account of, any injuries received or sustained by any parties in the performance of the obligations of John's Refuse Removal, Inc.

10. In accordance with the terms of the Haul of Corrugated Cardboard Contract, John's Refuse Removal, Inc. provided the Town of Branford with a Certificate of Liability

Insurance identifying Westport Insurance Corporation as having issued commercial general liability insurance to John's Refuse Removal, Inc. with limits of $1,000,000 each occurrence and naming the Town of Branford as an Additional Insured.

11. Upon information and belief, at the time of the November 1, 2000 injury, Westport Insurance had in force a policy including commercial general liability coverage with John's Refuse Removal, Inc. as the named insured.

12. Upon information and belief, the policy of commercial general liability insurance obligates Westport Insurance to pay those sums that the insured becomes legally obligated to pay and to defend the insured against any suit seeking such damages.

13. Upon information and belief, the policy of commercial general liability insurance named the Town of Branford as an additional insured with respect to liability arising out of the operations of John's Refuse Removal, Inc.

14. The claims and alleged liability of John Barone against the Town of Branford and its officials arose out of the operations of John's Refuse Removal, Inc.

15. Westport Insurance has failed or refused to accept full responsibility for the defense and indemnification, up to the limits of liability, of the Town of Branford and its officials with respect to the claim of John Barone.

16. Pursuant to and subject to the limitations of Connecticut statutes, CIGA has succeeded to the responsibilities of Legion Insurance Company, which had issued a policy of commercial liability insurance to the Town of Branford.

17. To date, CIGA and Westport Insurance have agreed to fund and have funded the defense of the Town of Branford and its officials on a 50/50 basis, without prejudice to reallocation of those payments upon resolution of their respective coverage obligations.

18. Pursuant to General Statutes §38a-845, any coverage for defense or indemnification of the Town of Branford and its officials under the Westport Insurance policy is primary to and must be exhausted prior to any liability on the part of CIGA.

WHEREFORE, the defendant/counterclaim plaintiff Town of Branford claims and prays for:

a. A declaration that the Town of Branford is an insured under the Westport Insurance Corporation policy number RF2020462-1 with respect to the claim made against it by John Barone arising out of the incident of November 1, 2000;

b. A declaration that Westport Insurance Corporation is obligated to provide a defense and indemnification to the Town of Branford and its officials, Margaret Hall, Edward Mosotta, and Thomas Woodford, with respect to the claim made against them by John Barone arising out of the incident of November 1, 2000;

c. A declaration that the obligation of Westport Insurance Corporation to provide a defense and indemnification to the Town of Branford and its officials, Margaret Hall, Edward Mosotta, and Thomas Woodford, with respect to the claim made against them by John Barone arising out of the incident of November 1, 2000 is primary to any obligation on the part of the Connecticut Insurance Guaranty Association;

   d. Reimbursement for the costs contributed by CIGA to the defense of the Town of Branford and its officials, Margaret Hall, Edward Mosotta, and Thomas Woodford, with respect to the claim made against them by John Barone arising out of the incident of November 1, 2000; and

   e. Reimbursement for any monies paid by CIGA to indemnify the Town of Branford and its officials, Margaret Hall, Edward Mosotta, and Thomas Woodford, with respect to the claim made against them by John Barone arising out of the incident of November 1, 2000.

DEFENDANT/COUNTERCLAIM PLAINTIFF
CONNECTICUT INSURANCE
  GUARANTY ASSOCIATION


BY_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101    Fed Bar # ct05733

**CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 29th day of October, 2004, to:

Michael S. Taylor, Esq.
Horton, Shields & Cormier, P.C.
90 Gillett Street
Hartford, Connecticut  06105
(860) 522-8338

                                                                                      _____
                                                                                      Jack G. Steigelfest
                                                                                      Howard, Kohn, Sprague & FitzGerald