UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3 02 CV 1824 AVC |
| | : | |
| VS. | : | |
| | : | |
| TOWN OF BRANFORD:  GEORGETTE LASKE, MARGARET HALL, EDWARD MASOTTA, THOMAS WOODFORD and THE LEGION INSURANCE COMPANY | : : : : | |
|     Defendants | : | OCTOBER 29, 2004 |

## MOTION FOR SUMMARY JUDGMENT

      Pursuant to Fed. R. Civ. P. 56, Local Rule 56, Fed. R. Civ. P. 16, Local Rule 16(f), and Fed. R. Civ. P. 37(b), the defendants in the captioned matter respectfully move for summary judgment declaring that the insurance policy issued by the plaintiff Westport Insurance Corporation to John's Refuse Removal, Inc., policy number RF2020462, provides primary coverage to the defendants Town of Branford, Margaret Hall, Edward Masotta and Thomas Woodford with respect to the claim against them by John Barone for the reason that the plaintiff has failed to comply with its pleading and discovery obligations and the court should therefore find the issues in favor of the defendants.

      A memorandum of law in support of this Motion and a Local Rule 56(a)(1) Statement are appended hereto.

        THE DEFENDANTS


        BY_____
        Jack G. Steigelfest, Esq.
        Howard, Kohn, Sprague & FitzGerald
        Post Office Box 261798
        Hartford, Connecticut  06126-1798
        (860) 525-3101    Fed Bar # ct05733


## **CERTIFICATION**

     I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 29th day of October 2004, to:

Michael S. Taylor, Esq.
Horton, Shields & Cormier, P.C.
90 Gillett Street
Hartford, Connecticut  06105
(860) 522-8338


        _____
        Jack G. Steigelfest
        Commissioner of the Superior Court

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3 02 CV 1824 AVC |
| | : | |
| VS. | : | |
| | : | |
| TOWN OF BRANFORD: GEORGETTE LASKE, MARGARET HALL, EDWARD MASOTTA, THOMAS WOODFORD and THE LEGION INSURANCE COMPANY | : | |
|     Defendants | : | OCTOBER 29, 2004 |

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

BACKGROUND

    The plaintiff Westport Insurance Company initiated this action against several defendants seeking a declaration regarding the existence and applicability of a policy of insurance it issued to an underlying dispute.

    More specifically, the plaintiff avers that it issued a policy of insurance to John's Refuse Removal, Inc., policy number RF2020462. Complaint, ¶6. The plaintiff further alleges that this policy was in effect at the time of an accident resulting in injury to an individual named John Barone. Complaint, ¶¶6, 10-11. The plaintiff further alleges that this policy includes an additional insured endorsement naming the Town of Branford as an additional insured; Complaint, ¶8; and that John Barone has sued the Town of

3

Branford and certain of its officials for injuries arising out of the accident. Complaint, ¶10. Nevertheless, the plaintiff seeks a declaration that it owes no obligation to the Town of Branford or its officials.

Initially by letter dated June 21, 2004 and then by way of formal discovery request dated July 29, 2004, the defendants sought production of the insurance policy that lies at the center of this dispute. Affidavit ¶¶    . When the policy was not timely produced, the defendants faxed a letter, dated September 8, 2004, seeking compliance. When no compliance was provided, the defendants filed their September 27, 2004 Motion to Compel. The plaintiff has yet to comply by providing a complete and accurate copy of the insurance policy that is the basis for this suit.

Meanwhile, although the plaintiff's Motion for Substitution of Party Defendant, to substitute the Connecticut Insurance Guaranty Association for Legion Insurance Company, was granted on July 14, 2004, the plaintiff has yet to file a Substituted Complaint making any allegations against this new defendant and deleting the allegations against the entity that is no longer a defendant. The plaintiff has yet to file any response to the Court's 10/14/04 Order granting the defendants' Motion to Compel the filing of a Substituted Complaint.

By Order dated September 1, 2004, the Court granted the plaintiff's Motion for Extension of Time, resetting the date for dispositive Motions to November 1, 2004. The

defendants have moved to extend that deadline, but in the alternative file this Motion for Summary Judgment based upon the deficiencies recited above.

ARGUMENT

    The plaintiff's insurance policy is the crux of this litigation. The plaintiff was obligated to produce that policy within 30 days of the defendants' formal request for it. Indeed, the plaintiff should have voluntarily produced it without the need for a formal request. Yet the defendants and the court now find themselves at the extended due date for the filing of dispositive motions, without production of the document that forms the basis for this suit. Fed. R. Civ. P. 37 and Local Rule 37 provide for the entry of orders, including order to compel and the entry of appropriate sanctions, in order to rectify a party's failure to comply with discovery. The defendants filed a Rule 37 Motion on September 27, 2004 and still do not have production of a complete and accurate copy of the insurance policy. Moreover, the plaintiff has failed to comply with this Court's 10/14/04 Order compelling the plaintiff to file a Substituted Complaint. Although that Order does not explicitly state the time within which the plaintiff must comply, the usual default time for compliance is 10 days. See Fed. R. Civ. P. 12(e); Local Rule 37(a)(5).

    The defendants have filed this date a Motion for Extension of Time to file a dispositve motion addressing the substance of the coverage issues upon production of

5

the policy and the filing of a Substituted Complaint, assuming those things ever happen. If that Motion is not granted, the defendants will have been unfairly prejudiced by the plaintiff's failure to comply with its discovery and pleading obligations. Even if the Motion for Extension of Time if granted, the Court should consider whether the plaintiff's failures constitute sufficient cause for disposition of the case in favor of the defendants. See Fed. R. Civ. P. 16(f)(authorizing the entry of such orders as are just upon a party's failure to obey an order); Local Rule 16(f)(authorizing the entry of "such other order with respect to the continued prosecution or defense of the action as is just and proper); Fed. R. Civ. P. 37(b)(authorizing an order finding certain facts and claims in favor of an opposing party upon the violation of discovery orders).

CONCLUSION

      For the foregoing reasons, the defendants respectfully request that their Motion for Summary Judgment be granted.

                THE DEFENDANTS


                BY_____
                Jack G. Steigelfest, Esq.
                Howard, Kohn, Sprague & FitzGerald
                Post Office Box 261798
                Hartford, Connecticut  06126-1798
                (860) 525-3101    Fed Bar # ct05733

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 29th day of October 2004, to:

Michael S. Taylor, Esq.
Horton, Shields & Cormier, P.C.
90 Gillett Street
Hartford, Connecticut  06105
(860) 522-8338

                                                   _____
                                                   Jack G. Steigelfest
                                                   Commissioner of the Superior Court

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3 02 CV 1824 AVC |
| | : | |
| VS. | : | |
| | : | |
| TOWN OF BRANFORD: GEORGETTE LASKE, MARGARET HALL, EDWARD MASOTTA, THOMAS WOODFORD and THE LEGION INSURANCE COMPANY | : | |
|     Defendants | : | OCTOBER 29, 2004 |

## **LOCAL RULE 56(A)(1) STATEMENT**

1.  Attached hereto as Exhibit A is a true and accurate copy of the plaintiff's Complaint in this Matter.

2.  The plaintiff originally named the Legion Insurance Company as a defendant.

3.  Attached hereto as Exhibit B is a true and accurate copy of the plaintiff's Motion for Substitution of Party Defendant dated and filed June 21, 2004.

4.  The Court granted the plaintiff's Motion for Substitution of Party Defendant on July 16, 2004.

5.  Attached hereto as Exhibit C is a true and accurate copy of the defendants' Motion to Compel and/or Dismiss dated September 8, 2004 and filed September 10,

2004.

6.    By Order dated October 14, 2004, the Court granted the Motion to Compel, requiring the plaintiff to file a Substituted Complaint.

7.    No Substituted Complaint adding any claim against the Connecticut Insurance Guaranty Association and deleting any claim against Legion Insurance Company has been filed as of the date of this Statement.

8.    As set forth in the Affidavit appended to the defendants' Motion for Order dated September 24, 2004 and filed September 27, 2004, a true and accurate copy of which is attached as Exhibit D, by informal letter request dated June 21, 2004, defense counsel asked plaintiff's counsel to provide a copy of the policy that is the subject of the Complaint.

9.    As further set forth in Exhibit D, when the policy was not received in response to this letter, defense counsel served a formal discovery request on or about July 29, 2004, making the same request.

10.    As further set forth in Exhibit D, on August 30, 2004, plaintiff's counsel indicated in a telephone conversation that compliance with the discovery request would be provided within the week.

11.    As further set forth in Exhibit D, when defense counsel not receive compliance with the discovery request as represented, defense counsel sent plaintiff's

counsel a letter dated September 8, 2004 demanding compliance by the end of the week and stating an intention to file this Motion if compliance was not provided.

12. When the insurance policy was not provided in response to the discovery request and the aforesaid efforts, the defendant filed the defendants' Motion for Order dated September 24, 2004 and filed September 27, 2004 and attached as Exhibit D.

13. As of the date of this Statement, the plaintiff has not provided a complete and accurate copy of the insurance policy that forms the basis of this action.

14. On August 31, 2004, in response to the plaintiff's Motion for Extension of Time, the Court set a deadline of November 1, 2004 for the filing of dispositive motions.

15. If the November 1, 2004 deadline for dispositive motions is not extended, the defendants will be unfairly prejudiced by the deficiencies in the plaintiff's pleading and discovery compliance.

          THE DEFENDANTS


          BY_____
          Jack G. Steigelfest
          Howard, Kohn, Sprague & FitzGerald
          Post Office Box 261798
          Hartford, CT 06126-1798
          (860) 525-3101  Juris No.  28160

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 29th day of October 2004, to:

Michael S. Taylor, Esq.
Horton, Shields & Cormier, P.C.
90 Gillett Street
Hartford, Connecticut  06105
(860) 522-8338

 

                                                                         _____
                                                                         Jack G. Steigelfest
                                                                         Commissioner of the Superior Court