UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WESTPORT INSURANCE CORPORATION          :          CIVIL ACTION NO.

             Plaintiff,          :

VS.          :

TOWN OF BRANFORD, GEORGETTE          :
LASKE, MARGARET HALL, EDWARD          :
MASOTTA, THOMAS WOODFORD and          :
THE LEGION INSURANCE COMPANY          :

           Defendants.          :          OCTOBER 17, 2002

## COMPLAINT

### Jurisdictional Allegations

1.  The plaintiff, Westport Insurance Corporation ("Westport"), is a Missouri Corporation with a principal place of business in Overland Park, Kansas. Westport is authorized to and does engage in business, including the issuing of liability insurance policies, in the State of Connecticut.

2.  The defendant, Town of Branford, is a municipal corporation organized pursuant to the laws of the State of Connecticut.

3.  The defendants, Georgette Laske, Margaret Hall, Edward Masotta and Thomas Woodford are residents of the State of Connecticut.

RECEIVED
2002 OCT 18 P 3:18
TOWN CLERK'S OFFICE
BRANFORD, CONNECTICUT

4. The defendant, Legion Insurance Company is a Pennsylvania corporation with a principal place of business in Philadelphia, Pennsylvania. Legion is authorized to and does engage in business, including the issuing of liability insurance policies, within the State of Connecticut.

5. This is an action seeking a declaratory judgment and is brought pursuant to 28 U.S.C. §§1332 and 2201. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**Claim for Relief**

Count One

6. On November 1, 2000, John's Refuse Removal, Inc. ("John's Refuse") was the named insured under a policy issued by Westport bearing policy number RF2020462-1 with effective dates of coverage from January 11, 2000 to January 11, 2001. The policy provides, inter alia, commercial general liability insurance coverage.

7. The policy defines the term "you" and "your" as referring to the named insured, John's Refuse Removal, Inc.

8. The policy also contains an additional insured endorsement naming the Town of Branford as an additional insured. The additional insured endorsement provides, in relevant part, as follows:

2

WHO IS AN INSURED: (Section II) is amended to include as an insured the person or organization shown in the attached schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

9. The policy obligates Westport to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'." The policy indicates that Westport will "defend the insured against any 'suit' seeking those damages." The policy also indicates that Westport will not have an obligation to defend any suit seeking damages to which the insurance does not apply.

10. By complaint dated March 11, 2002, the defendant Barrone commenced an action against the Town of Branford through its town clerk, Laske and against the Town officials, Hall, Masotta and Woodford.

11. In its complaint, Barrone alleges that, on November 1, 2000, while working for John's Refuse, he was severely injured due to the negligence of the Town and/or its agents.

12. Specifically, Barrone alleges that the Town's agents negligently packed a refuse container too tightly, using a compactor owned, maintained, possessed and controlled by the Town or its agents, and that such negligent conduct resulted in the door of the container swinging open forcefully and striking Barrone in the face, allegedly resulting in severe injuries.

13. John's Refuse is not named as a defendant in the Barrone complaint. Further, the Barrone complaint contains no allegations of negligence on the part of John's Refuse.

3

14. The Town of Branford and its insurer, Legion, have made demand upon Westport for a defense and indemnification of the claims made in the Barrone litigation.

15. The policy provides coverage for the Town of Branford only with respect to liability arising out of the operations of John's Refuse, Inc. or premises owned by or rented to John's Refuse.

16. The Barrone complaint does not allege any liability arising out of the operations of or premises owned by or rented to John's Refuse.

17. Accordingly, any liability against the Town or its agents or employees resulting from the claims made in the Barrone complaint cannot arise out of the operations of or premises owned by or rented to John's Refuse.

18. Therefore, the Town of Branford does not meet the definition of insured in the additional insured endorsement.

19. As a result, the liability coverage provided by the policy is not applicable to the Town of Branford for the claims made in the Barrone complaint and Westport has no obligation to defend or indemnify the Town or any of its agents, servants or employees, or to share in any defense or indemnification undertaken by the Town's insurer.

20. Westport has agreed to provide the Town and its agents with a defense in the Barrone litigation, subject to a complete reservation of Westport's rights under the policy.

4

WHEREFORE, the plaintiff claims judgment declaring:

1.    That the Town of Branford is not an insured under Westport policy number RF2020462-1 for purposes of the claims made against the Town and its agents in the Barrone v. Town of Branford matter because those claims do not allege liability arising out of the operations of John's Refuse Removal, Inc. or property owned by or rented to John's Refuse Removal, Inc.;

2.    That Westport policy number RF2020462-1 provides no liability coverage to defendants Town of Branford, Margaret Hall, Georgette Laske, Edward Mazotta and Thomas Woodford for the claims made in the Barrone v. Town of Branford matter;

3.    That Westport has no duty to provide the defendants with either a defense or indemnification for the claims which have been made against them in the Barrone v. Town of Branford litigation.

PLAINTIFF, WESTPORT INSURANCE
CORPORATION

MICHAEL S. TAYLOR
**Horton, Shields & Cormier, P.C.**
90 Gillett Street
Hartford, CT 06105
(860) 522-8338
*fax* (860) 728-0401
Fed. Bar ID#CT14650

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| 141 CHURCH STREET | 450 MAIN STREET | 915 LAFAYETTE BLVD | 14 COTTAGE PLACE |
| NEW HAVEN, CT 06510 | HARTFORD, CT 06103 | BRIDGEPORT, CT 06604 | WATERBURY, CT 06702 |
| (203) 773-2140 | (860) 240-3200 | (203) 579-5861 | (203) 597-6311 |

NOTICE TO COUNSEL AND PRO SE PARTIES

THE ATTACHED CASE HAS BEEN ASSIGNED TO CHIEF DISTRICT JUDGE ALFRED V. COVELLO WHO SITS IN HARTFORD.  COUNSEL AND PRO SE PARTIES SHOULD FILE ALL FUTURE PLEADINGS OR DOCUMENTS IN THIS MATTER WITH THE CLERK'S OFFICE IN HARTFORD.  ANY ATTEMPT TO FILE PLEADINGS OR OTHER DOCUMENTS RELATED TO THIS ACTION IN ANY OF THE OTHER SEATS OF COURT WILL RESULT IN THOSE PLEADINGS OR DOCUMENTS BEING REFUSED AT THE COURT OR BEING RETURNED TO YOUR OFFICE.  SEE D.CONN. L. CIV. R. 7(a).

COUNSEL AND PRO SE PARTIES ARE REQUIRED TO BECOME FAMILIAR WITH AND ABIDE BY THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES OF CIVIL PROCEDURE FOR THE DISTRICT OF CONNECTICUT AND STANDING ORDERS REGARDING SCHEDULING IN CIVIL CASES AND THE FILING OF TRIAL MEMORANDA.

COUNSEL AND PRO SE PARTIES ARE HEREBY NOTIFIED THAT FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION, WITHIN 21 DAYS AFTER THE MOTION IS FILED, MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION.  FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION TO DISMISS WITHIN 21 DAYS AFTER THE MOTION IS FILED MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION, EXCEPT WHERE THE PLEADINGS PROVIDE SUFFICIENT GROUNDS TO DENY THE MOTION.  SEE D.CONN. L. CIV. R. 9(a)1

COUNSEL AND PRO SE PARTIES ARE FURTHER NOTIFIED THAT THEY ARE REQUIRED TO COMPLY WITH REQUIREMENTS RELATING TO MOTIONS FOR SUMMARY JUDGMENT AS SET FORTH IN FED. R. CIV. P. 56 AND D. CONN. L. CIV. R. 9(C).  A PARTY MAY MOVE FOR SUMMARY JUDGMENT WHEN THAT PARTY BELIEVES THERE IS NO GENUINE ISSUE OF MATERIAL FACT REQUIRING TRIAL AND THE PARTY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.  THE MOTION MAY BE DIRECTED TOWARD ALL OR PART OF A CLAIM OR DEFENSE AND IT MAY BE MADE ON THE BASIS OF THE PLEADINGS OR OTHER PORTIONS OF THE RECORD IN THE CASE OR IT MAY BE SUPPORTED BY AFFIDAVITS AND OTHER MATERIALS OUTSIDE THE PLEADINGS.

WHEN A PARTY SEEKING SUMMARY JUDGMENT (THE "MOVING PARTY") FILES A SUPPORTING AFFIDAVIT, THE PARTY OPPOSING SUMMARY JUDGMENT MUST FILE AN AFFIDAVIT, OR OTHER DOCUMENTARY EVIDENCE, CONTRADICTING THE MOVING PARTY'S SUBMISSIONS TO DEMONSTRATE THAT THERE ARE FACTUAL ISSUES REQUIRING A TRIAL.  FACTS ASSERTED IN THE AFFIDAVIT(S) OF THE MOVING PARTY WILL BE TAKEN AS TRUE IF NOT CONTROVERTED BY COUNTER-AFFIDAVITS OR OTHER DOCUMENTARY EVIDENCE.

LOCAL CIVIL RULE 9(C) REQUIRES THE PARTY SEEKING SUMMARY JUDGMENT TO FILE A DOCUMENT ENTITLED " LOCAL RULE 9(C)1 STATEMENT," WHICH SETS FORTH IN SEPARATELY NUMBERED PARAGRAPHS A CONCISE STATEMENT OF EACH MATERIAL FACT AS TO WHICH THE MOVING PARTY CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED.  THE MATERIAL FACTS SET FORTH IN

(OVER)

THIS STATEMENT SHALL BE DEEMED ADMITTED UNLESS CONTROVERTED BY THE "LOCAL RULE 9(C)2 STATEMENT" REQUIRED TO BE SERVED BY THE OPPOSING PARTY. THE PARAGRAPHS IN THE 9(C)2 STATEMENT SHALL CORRESPOND TO THE PARAGRAPHS IN THE 9(C)1 STATEMENT AND SHALL STATE WHETHER THE FACTS ASSERTED BY THE MOVING PARTY ARE ADMITTED OR DENIED. THE LOCAL RULE 9(C)2 STATEMENT MUST ALSO INCLUDE IN A SEPARATE SECTION A LIST OF EACH ISSUE OF MATERIAL FACT AS TO WHICH IT IS CONTENDED THERE IS A GENUINE ISSUE TO BE TRIED..

COUNSEL AND PRO SE PARTIES ARE ALERTED TO THE REQUIREMENTS OF FED. R. CIV. P. 26(f) AND LOCAL CIVIL RULE 38, WHICH REQUIRE THAT THE PARTIES CONDUCT A CASE MANAGEMENT PLANNING CONFERENCE AND PREPARE AND FILE A REPORT OF THE CONFERENCE ON FORM 26(f) WHICH APPEARS IN THE APPENDIX TO THE LOCAL RULES.

COUNSEL AND PRO SE PARTIES ARE FURTHER ADVISED THAT THEY MAY REQUEST A REFERRAL OF THEIR CASE TO A UNITED STATES MAGISTRATE JUDGE FOR DISPOSITION. SEE 28 U.S.C. 636 AND RULE 4 OF THE LOCAL RULES FOR UNITED STATES MAGISTRATE JUDGES.

KEVIN F. ROWE, CLERK

## State of Connecticut
## OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

This is to certify that the foregoing is a copy of a process served upon me, a person in the office of the Insurance Commissioner of Connecticut, designated by him, pursuant to the statute in such cases made and provided, as one upon whom, in his absence, service of process may be made, upon an insurance company, corporation or association, with the same force and effect as though made on such commissioner personally. *Susan F. Cogswell*

October 20, 2002    at    9:50 a.m.

*Insurance Commissioner*



## State of Connecticut
## OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

ANDREW WALSH                    ............Secretary,
LEGION INSURANCE CO
ONE LOGAN SQUARE SUITE 1400      ...
PHILADELPHIA PA 19103    ...................................

Pursuant to the statute in such cases made and provided, I forward herewith a copy of the process served as set forth in the certificate thereto attached.

Respectfully yours,

*Susan F. Cogswell*

*Insurance Commissioner*

Form 1