UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION, | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:02 CV 1824 AVC |
| TOWN OF BRANFORD, GEORGETTE LASKE, MARGARET HALL, EDWARD MASOTTA, THOMAS WOODFORD and THE LEGION INSURANCE COMPANY, | : | |
| Defendants | : | JUNE 21, 2004 |

## MOTION FOR SUBSTITUTION OF PARTY DEFENDANT

The Plaintiff, Westport Insurance Corporation, hereby respectfully moves this court for an order substituting the Connecticut Insurance Guaranty Association ("Guaranty Association") as a defendant in this action in place and instead of The Legion Insurance Company ("Legion") due to Legion's rehabilitation and the Order of the Commonwealth Court of Pennsylvania staying all action against Legion pending its liquidation.

Pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, the Guaranty Association should be duly substituted as defendant in this action because:

The Plaintiff commenced this action by complaint dated October 17, 2002, claiming a declaratory judgment with regard to its obligations under a policy of insurance naming the Defendant Town of Branford as an additional insured. Legion was named as a defendant in this action due to the fact that it also issued a policy of insurance to the Town of Branford. Legion appeared through counsel on November 1, 2002.

As established by the Defendant's Claim for Stay dated October 31, 2002 and the documents attached thereto, Legion is in the process of liquidation, having been placed into rehabilitation by an order of the Commonwealth Court of Pennsylvania dated March 28, 2002. Pursuant to that order, all actions against Legion were stayed. That stay has been extended by subsequent orders of the Pennsylvania court.

Pursuant to the Connecticut Insurance Guaranty Association Act, Conn. Gen. Stat. §38a-836 et seq., the Guaranty Association has assumed its responsibilities for the handling and payment of claims by Legion's insureds. In addition, pursuant to Conn. Gen. Stat. §38a-841, the Guaranty Association may properly be substituted as a defendant in place of Legion in this declaratory judgment action because, *inter alia*, the statute provides that the Guaranty Association shall "be deemed the insurer to the extent of its obligations on the cover claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent." Accordingly, the Guaranty Association may properly litigate Legion's interests in this action.

All of the parties who have appeared in this action have been given due notice of this motion, in the manner provided for in Rule 5 of the Federal Rules of Civil Procedure. In addition, this motion will be served on the Connecticut Insurance Guaranty Association, c/o the

Connecticut Insurance Commissioner as agent for service, in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure.

PLAINTIFF

BY _____
MICHAEL S. TAYLOR
**Horton, Shields & Knox, P.C.**
90 Gillett Street
Hartford, CT 06105
(860) 522-8338
*fax* (860) 728-0401
Fed. Bar ID#CT 14650
mtaylor@hsklawfirm.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on June 21, 2004 to the following:

Jack G. Steigelfest, Esq.
**Howard, Kohn, Sprague & FitzGerald**
P. O. Box 2617898
Hartford, CT 06126

Connecticut Insurance Guaranty Association
c/o Connecticut Insurance Commissioner
153 Market Street
Hartford, CT 06103

_____
MICHAEL S. TAYLOR