UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | NO. 3:02 CV 1824 AVC |
| | : | |
| TOWN OF BRANFORD, GEORGETTE LASKE, | : | |
| MARGARET HALL, EDWARD MASOTTA, | : | |
| THOMAS WOODFORD and THE CONNECTICUT | : | |
| INSURANCE GUARANTY ASSOCIATION | : | |
| | | |
| Defendants | : | NOVEMBER 30, 2004 |

## SUBSTITUTED COMPLAINT

**Jurisdictional Allegations**

1. The plaintiff, Westport Insurance Corporation ("Westport"), is a Missouri Corporation with a principal place of business in Overland Park, Kansas. Westport is authorized to and does engage in business, including the issuing of liability policies, in the State of Connecticut.

2. The defendant, Town of Branford, is a municipal corporation organized pursuant to the laws of the State of Connecticut.

3. The defendants, Georgette Laske, Margaret Hall, Edward Masotta and Thomas Woodford are residents of the State of Connecticut.

4. By order of the Court dated July 14, 2004, the defendant, Connecticut Insurance Guaranty Association ("Guaranty Association") was ordered substituted as a defendant in this action in place of The Legion Insurance Company ("Legion"), a Pennsylvania corporation with a principal place of business in Philadelphia, Pennsylvania. Upon information and belief, Legion

was formerly authorized to and did engage in business, including the issuing of liability insurance policies, within the State of Connecticut.

5. This is an action seeking a declaratory judgment and is brought pursuant to 28 U.S.C. §§1332 and 2201. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**Claim for Relief**

Count One

6. On November 1, 2000, John's Refuse Removal, Inc. ("John's Refuse") was the named insured under a policy issued by Westport bearing policy number RF2020462-1 with effective dates of coverage from January 11, 2000 to January 11, 2001. The policy provides, inter alia, commercial general liability insurance coverage.

7. The policy defines the term "you" and "your" as referring to the named insured, John's Refuse Removal, Inc.

8. The policy also contains an additional insured endorsement naming the Town of Branford as an additional insured. The additional insured endorsement provides, in relevant part, as follows:

> WHO IS AN INSURED: (Section II) is amended to include as an insured the person or organization shown in the attached schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you.

9 The policy obligates Westport to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'." The policy indicates that Westport will not have an obligation to defend any suit seeking damages to which the insurance does not apply.

10. By complaint dated March 11, 2002, the defendant Barone commenced an action against the Town of Branford through its town clerk, Laske and against the Town officials, Hall, Masotta and Woodford.

11. In its complaint, Barone alleges that, on November 1, 2000, while working for John's Refuse, he was severely injured due to the negligence of the Town and/or its agents.

12. Specifically, Barone alleges that the Town's agents negligently packed a refuse container too tightly, using a compactor owned, maintained, possessed and controlled by the Town or its agents, and that such negligent conduct resulted in the door of the container swinging open forcefully and striking Barone in the face, allegedly resulting in severe injuries.

13. John's Refuse is not named as a defendant in the Barone complaint. Further, the Barone complaint contains no allegations of negligence on the part of John's Refuse.

14. The Town of Branford and the Guaranty Association, on behalf of the Town's former insurer, Legion Insurance, have made demand upon Westport for a defense and indemnification of the claims made in the Barone litigation.

15. The policy provides coverage for the Town of Branford only with respect to liability arising out of the operations of John's Refuse, Inc. or premises owned by or rented to John's Refuse.

16. The Barone complaint does not allege any liability arising out of the operations of or premises owned by or rented to John's Refuse.

17. Accordingly, any liability against the Town or its agents or employees resulting from the claims made in the Barone complaint cannot arise out of the operations of or premises owned by or rented to John's Refuse.

18.    Therefore, the Town of Branford does not meet the definition of insured in the additional insured endorsement.

19.    As a result, the liability coverage provided by the policy is not applicable to the Town of Branford for the claims made in the Barone complaint and Westport has no obligation to defend or indemnify the Town or any of its agents, servants or employees, or to share in any defense or indemnification undertaken by the Town's insurer.

20.    Wesport has agreed to provide the Town and its agents with a defense in the Barone litigation, subject to a complete reservation of Westport's rights under the policy.

WHEREFORE, the plaintiff claims judgment declaring:

1.    That the Town of Branford is not an insured under Westport policy number RF2020462-1 for purposes of the claims made against the Town and its agents in the Barone v. Town of Branford matter because those claims do not allege liability arising out of the operations of John's Refuse Removal, Inc. or property owned by or rented to John's Refuse Removal, Inc.;

2.    That Westport policy number RF2020462-1 provides no liability coverage to defendants Town of Branford, Margaret Hall, Georgette Laske, Edward Mazotta and Thomas Woodford for the claims made in the Barone v. Town of Branford matter;

3. That Westport has no duty to provide the defendants with either a defense or indemnification for the claims which have been made against them in the <u>Barone v. Town of Branford litigation</u>.

                PLAINTIFF

BY_____
    MICHAEL S. TAYLOR
    **Horton, Shields & Knox, P.C.**
    90 Gillett Street
    Hartford, CT 06105
    (860) 522-8338
    *fax* (860) 728-0401
    Fed. Bar ID#CT 14650
    mtaylor@hsklawfirm.com

## **C E R T I F I C A T I O N**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on November 30, 2004 to the following:

Jack G. Steigelfest, Esq.
**Howard, Kohn, Sprague & FitzGerald**
P. O. Box 2617898
Hartford, CT 06126

Connecticut Insurance Guaranty Association
c/o Connecticut Insurance Commissioner
153 Market Street
Hartford, CT 06103

_____
    MICHAEL S. TAYLOR