UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | NO. 3:02 CV 1824 AVC |
| | : | |
| TOWN OF BRANFORD, GEORGETTE LASKE, | : | |
| MARGARET HALL, EDWARD MASOTTA, | : | |
| THOMAS WOODFORD and THE CONNECTICUT | : | |
| INSURANCE GUARANTY ASSOCIATION, | : | |
| | | |
| Defendants | : | NOVEMBER 30, 2004 |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Westport Insurance Corporation ("Westport"), hereby respectfully submits this memorandum of law in support of its motion for summary judgment.

**Introduction**

Westport commenced this declaratory judgment action seeking a judgment that it has no duty to defend or indemnify defendants the Town of Branford ("the Town") or its agents Georgette Lasky, Margaret Hall, Edward Mazzotta and Thomas Woodford for claims made against them in an underlying action captioned John Barone vs. Town of Branford, et al., currently pending in the Connecticut Superior Court, Judicial District of New Haven at New Haven and bearing docket number CV-02-0462959-S. In that underlying complaint, Barone alleges that he sustained severe injuries solely as a result of the negligence and carelessness of the Town and its agents. Because the Town and its agents are insureds under the Westport policy only for liability arising out of the work or products of Barone's employer, and because the underlying complaint alleges absolutely no liability arising out of the work or products of

1

Barone's employer, the Town and its agents are not entitled to coverage.  Further, the Westport policy specifically excludes coverage for bodily injury to employees of the insured.  Accordingly, summary judgment should be granted in favor of Westport.

### The Underlying Action

By complaint dated March 11, 2002, John A. Barone commenced an action against the Town of Branford and its agents Margaret Hall, Edward Masotta, and Thomas Woodford ("Barone Complaint" or "underlying complaint") (Exh. B).  In his complaint, Barone alleges that at all relevant times he was an employee of John's Refuse Removal Inc. (John's Refuse).   He makes no claims against John's Refuse whatsoever.  In fact, the complaint contains only the single reference to John's Refuse as Barone's employer.  He further alleges that, on or about November 1, 2000, due to the negligence of the Town and its agents, he was injured while attempting to open a container packed with scrap and waste cardboard.

Specifically, according to the complaint, on or about November 1, 2000 Barone picked up a container filled with scrap and waste cardboard from a transfer station.  The container had been packed by the Town, its agents, servants, and/or employees with a compactor owned, maintained, possessed and controlled by the Town.  Barone transported the container from the transfer station to the Marcus Paper Company facility ("Marcus Paper") located in West Haven.  Barone asserts that he was injured due to the negligence of the Town and its agents in that they, using the town's compactor, packed the container too tightly.  Barone alleges that this conduct caused the door of the container to fly open when he attempted to open it, resulting in serious facial injuries, memory loss, brain injury, and decreased hearing.

### The Insurance Policy

At the time of the incident alleged in the underlying complaint, John's Refuse was the named insured under a policy of insurance issued by Westport bearing policy number RF2020462-1 (Exh. A).  The policy obligates Westport to pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" to which the insurance applies.  The policy also gives Westport the right and duty to defend the insured against any "suits seeking damages," but specifically indicates that Westport "will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . "to which this insurance does not apply."

The policy also indicates that coverage does not apply to:

e. Employer's Liaiblity

"Bodily Injury" to

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

Under "WHO IS AN INSURED", the policy provides that, because John's Refuse is an organization other than a partnership, joint venture or limited liability company, "you

are an insured.  Your 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders."  The policy indicates that "You" refers to the named insured, John's Refuse, and also indicates that the employees of John's Refuse will be insureds, with certain exclusions not applicable to this case.

Finally, the policy contains a General Liability Enhancement Endorsement, applicable to the commercial general liability coverage, which provides that:

[t]he following is added under SECTION II – WHO IS AN INSURED:

[a]ny person [or] organization . . . that has obligated you by written contract to provide the insurance that is afforded by this policy, but only with respect to liability arising out of "Your Work", "Your Product" and to property owned or used by you.

**Argument**

**I.      The Applicable Legal Standards**

A.      Summary Judgment Standard.

A party seeking summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [in question].  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "The mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient . . . ."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

B.      The Duty to Defend.

4

In making its determination of whether an insurer has a duty to defend the court looks simply to see if the allegations in the complaint are sufficient to bring the claimed injury within the policy's coverage.  Flint v. Universal Machine Company, 238 Conn. 637, 646-47 (1996). "The obligation of an insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but instead, on whether he has, *in his complaint,* stated facts which bring the injury within the coverage." (Emphasis added.)  Id., 646; see also QSP, Inc. v. Aetna Casualty & Surety Company, 256 Conn. 343, 350-51 (2001).

**II.    There is no Duty to Defend Because the Complaint Does Not Allege Facts Which Bring the Claimed Injury Within the Coverage of the Policy.**

Because the Barone complaint fails to allege any facts which would bring the alleged injuries within the coverage of the policy, Westport has no duty to defend the Town or its agents. First, Westport does not dispute that the Town and John's Refuse entered into a contract whereby John's Refuse agreed to add the Town as an additional insured under its CGL policy (See Exh. C).  That contract, however, is not binding on Westport and does not, in itself, create insurance coverage under the Westport policy.  Westport will only have a coverage obligation if the allegations of the Barone complaint trigger the policy provisions, including the additional insured provisions.  They do not.

The General Liability Enhancement Endorsement adds the Town as an additional insured because the Town is "[a]n organization . . . that has obligated you [John's Reufse] by written contract to provide the insurance that is afforded by this policy."  But the Town is an insured "only with respect to liability arising out of "Your Work" [or] "Your Product."

The policy specifically defines "you" and "your" to refer to the named insured shown in the declarations, i.e. John's Refuse.  The policy defines "your work" as:

    a.    Work or operations performed by you or on your behalf; and

5

    b.  Materials, parts or equipment furnished in connection with such work or operations.

The policy defines "your product" as:

a.  Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   (1)  You;

   (2)  Others trading under your name; or

   (3)  A person or organization whose business or assets you have acquired; and

  b.  Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"It is generally understood that for liability for an accident or an injury to be said to 'arise out of' [an occurrence or offense], it is sufficient to show only that the accident or injury 'was connected with,' 'had its origins in,' 'grew out of,' 'flowed from,' or 'was incident to' [that occurrence or offense], in order to meet the requirement that there be a causal relationship between the accident or injury and [that occurrence or offense]. . . . To "arise" out of means "to originate from a specified source. . . . The phrase arising out of is usually interpreted as indicat[ing] a causal connection. . . . Simply because we recognize, however, the breadth of the term "arising out of" and often interpret coverage ambiguities in favor of the insured does not mean that we will "obligate an insurer to extend coverage based ... [upon] a reading of the complaint that is ... conceivable but tortured and unreasonable." (Citations omitted; internal quotation marks omitted.) QSP, Inc. v. Aetna Casualty & Surety Company, 256 Conn. 343, 374 (2001).

In this particular case, the purpose of the additional insured endorsement is to protect the Town from being vicariously liable for the tortious acts of John's Refuse.  See <u>Davis v. LTV Steel Company, Inc.</u>, 128 Ohio App. 3d 733, 737, 716 N.E.2d 766 (1998).  The purpose, as is plain from the policy language, is *not* to indemnify the Town for its own negligence.  The facts alleged in the complaint do not allege that the Town is vicariously liable for the acts of John's Refuse.  Further, the Barone complaint does not contain any facts which could support a finding of liability arising out of the work or products of John's Refuse.  All of the relevant activity occurred on either the Town's property or at the premises of Marcus Paper.  As a matter of fact, the Barone complaint is completely devoid of any reference to the goods, products, work or operations of John's Refuse.  The sole claim of negligence is against the Town of Branford, in that its agents overloaded the compactor and set the pressure at a level higher than the standard specifications.  Any liability for the injuries sustained by Barone thus arose solely from the Town's negligence.  Under these circumstances, the express language of the policy does not afford coverage to the Town.

Moreover, loading the container with cardboard is not alleged to have been connected in any way with the work or property of John's Refuse and is not alleged to have been the responsibility of John's Refuse.  The complaint alleges only that the container was loaded by the Town and its agents and that the injuries suffered by Barone were caused by the negligence of the Town.  Because the complaint alleges that the injury was caused by the negligent loading of the container, and John's Refuse had absolutely no role in, or responsibility for, the loading of that container, any injuries that arose from that act could not have arisen out of the work or property of John's Refuse because loading the container does not meet the definition of "your work" or "your property" under the terms of the policy.

Thus, the work and property of John's Refuse are not a basis of, or a causal link to the alleged injuries sustained by Barone. Those injuries are inextricably and solely linked to the alleged negligence of the Town and do not "arise out of" the work of property of John's Refuse. The complaint therefore contains no facts which bring the injury within the coverage of the policy.

Because the complaint fails to allege that the injuries sustained by Barone arose out of the work or operations performed by John's Refuse or on behalf of John's Refuse or arose out of premises owned or rented by John's Refuse, the complaint cannot be read, without torturing its language, to allege any facts which would bring Barone's injuries within the coverage of the policy. Therefore, there are no material facts in dispute, there is no duty to defend, and summary judgment should be granted for the plaintiff in this matter.

**III.     The Policy Provides No Coverage for Bodily Injury to an Employee of the Insured**

Even if the Barone complaint contained allegations sufficient to trigger the additional insured language on behalf of the Town and its agents, the policy still would not provide coverage for Barone's claim as it constitutes a claim of bodily injury to an employee of the insured.

As indicated above, the policy contains an exclusion, captioned "Employer's Liability," which states that the coverage does not apply to bodily injury to "an employee of the insured arising out of and in the course of: (a) employment by the insured; or (b) performing duties related to the conduct of the insured's business." The exclusion also indicates that it will apply "[w]hether the insured may be liable as an employer or in any other capacity."

The *only* allegation in the Barone complaint concerning John's Refuse is an allegation that, at all relevant times, Barone was an employee of John's Refuse. Because John's Refuse is the named insured under the policy, Barone's claim for bodily injury constitutes a claim of bodily

8

injury to the insured.  As a result, this claim will be excluded, whether John's Refuse may be liable as an employer or in any other capacity.

WHEREFORE, for the above-stated reasons, the plaintiff respectfully urges this Court to enter summary judgment in its favor.

        PLAINTIFF

BY_____
       MICHAEL S. TAYLOR
       **Horton, Shields & Knox, P.C.**
       90 Gillett Street
       Hartford, CT 06105
       (860) 522-8338
       *fax* (860) 728-0401
       Fed. Bar ID#CT 14650
       mtaylor@hsklawfirm.com

**C E R T I F I C A T I O N**

   I hereby certify that a copy of the foregoing was mailed, postage prepaid, on November 30, 2004 to the following:

Jack G. Steigelfest, Esq.
**Howard, Kohn, Sprague & FitzGerald**
P. O. Box 2617898
Hartford, CT 06126

                      _____
                       MICHAEL S. TAYLOR