**SUMMONS**
**CIVIL** (except family actions)
JD-CV-1
GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52-45a
52-48, 52-259
PR. BK. 49, 50, 66

**SUPERIOR COURT**

**INSTRUCTIONS**

1. Prepare on typewriter, sign original summons (top sheet) and conform copies of the summons (sheets 2, 3 and 4).
2. If there are more than five defendants, prepare as photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 3 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

"X" ONE OF THE FOLLOWING
Amount, legal interest or property in demand, exclusive of interest and costs is

☐ less than $2,500
☐ $2,500 through $14,999.99
☒ $15,000 or more
☐ "X" if applicable)
☐ Claiming other relief in addition to or in lieu of money damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

☒ JUDICIAL DISTRICT  ☐ HOUSING SESSION  ☐ G.A. ___ AT (Town in which writ is returnable) (Gen. Stat. 51-346) **NEW HAVEN**

ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (Gen. Stat. 51-347, 51-350) (No., street, town & zip code)
**235 CHURCH STREET, NEW HAVEN, CT 06510**

RETURN DATE (Mo., day, yr) **May 7, 2002**

CASE TYPE (From list on Jud. Dept. side of this form back)
Major **T**    Minor **90**

**PARTIES** | NOTE: Individual's Names: Last, First, Middle Initial | **NAME AND ADDRESS OF EACH PARTY** (No., street, town & zip code) | ☒ Form JD-CV-2 attached | PTY NO
--- | --- | --- | --- | ---
**FIRST NAMED PLAINTIFF** ► | | Barone, John A., 189 Washington Avenue, West Haven, CT 06516 | | 01
Additional Plaintiff | | | |
**FIRST NAMED DEFENDANT** ► | | Town of Branford, Town Clerk, Georgette Laske, 1019 Main Street, Branford, CT 06405 | | 02
Additional Defendant | | Margaret Hall aka Peg Hall, Director of Town of Branford Recycling Center/Transfer Station, | | 50
Additional Defendant | | Mazotta, Edward, Director of Public Works of the Town of Branford, 43 North Main Street, Branford, CT 06405 | | 51
Additional Defendant | | Woodford, Superintendent, Recycling Center/Transfer Station of the Town of Branford, 1019 Main Street, Branford, CT 06405 | | 52

**NOTICE TO EACH DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

DATE **3/11/02**   SIGNED ___   ☒ Commissioner of Superior Court   ☐ Assistant Clerk   TYPE IN NAME OF PERSON SIGNING AT LEFT **John J. Kennedy, Jr.**

**FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:**
NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (No., street, town & zip code)
Kennedy, Johnson, D'Elia & Gillooly
Long Wharf Maritime Center, 545 Long Wharf Drive, New Haven, CT 06511

TELEPHONE NO. (203) 865-8430    JURIS NO. 106077

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town & zip code)
Dennis W. Gillooly, Esq., 545 Long Wharf Drive, New Haven, CT 06511

SIGNATURE OF PLAINTIFF IF PRO SE

NO. PLTS. **1** | NO. DEFS. **5** | NO. CNTS. **3** | SIGNED (Official taking recognizance, "X" proper box) ☒ Commissioner of Superior Court ☐ Assistant Clerk | FILE DATE

**IF THIS SUMMONS IS SIGNED by a CLERK:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, or the service thereof.

I hereby certify I have read and understand the above.   SIGNED (Pro se plaintiff)   DATE SIGNED

DOCKET NO.

SUMMONS, Civil

**CONTINUATION OF PARTIES**
JD-CV-2 EL Rev. 4-97

**STATE OF CONNECTICUT
SUPERIOR COURT**

FIRST NAMED PLAINTIFF (Last, First, Middle Initial): Barone, John A.

FIRST NAMED DEFENDANT (Last, First, Middle Initial): Town of Branford

### ADDITIONAL PLAINTIFFS

| NAME (Last, First, Middle Initial, if individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

### ADDITIONAL DEFENDANTS

| NAME (Last, First, Middle Initial, if individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|---|
| The Marcus Paper Company, 93 Wood Street, West Haven, CT 06516 by service on its' agent for service: Michael Zamkov, 93 Wood Street, West Haven, CT 06516. | | 54 |
| | | 55 |
| | | 56 |
| | | 57 |
| | | 58 |
| | | 59 |
| | | 60 |
| | | 61 |
| | | 62 |
| | | 63 |

FOR COURT USE ONLY - FILE DATE

DOCKET NO.

CONTINUATION OF PARTIES

03/19/2002  11:25                                              PAGE 06
                                                               MAR 19 '02 10:51

| | | |
|---|---|---|
| RETURN DATE: MAY 7, 2002 | : | SUPERIOR COURT |
| JOHN A. BARONE | : | J.D. OF NEW HAVEN |
| VS. | : | AT NEW HAVEN |
| TOWN OF BRANFORD, ET AL | : | MARCH 11, 2002 |

## COMPLAINT

**FIRST COUNT: (As to Defendants, Margaret Hall (aka Peg Hall), Edward Masotta and Thomas Woodford)**

1. At all times mentioned herein, the plaintiff, John A. Barone was an employee of John's Refuse Removal, Inc., a Connecticut Corporation engaged in the business of hauling refuse.

2. At all times mentioned herein, the defendant Town of Branford owned, operated maintained, controlled and/or possessed the premises known as the Branford Recycling Center /Transfer Station (hereinafter referred to "Transfer Station") located at 747 East Main Street, Branford, Connecticut, as well as the equipment located at the Transfer Station, including the compactor hereinafter mentioned.

3. At all times mentioned herein, the defendant, Margaret Hall aka Peg Hall was the Director of the Recycling Center/Transfer Station of the Town of Branford; the defendant, Edward Masotta was the Director of the Public Works of the Town of Branford; and Thomas Woodford was the Superintendent of the Recycling Center/Transfer Station of the Town of Branford.

Kennedy, Johnson, D'Elia & Gillooly L.L.C. • ATTORNEYS AT LAW
LONG WHARF MARITIME CENTER • 545 LONG WHARF DRIVE • NEW HAVEN, CT 06511

4. On or about November 1, 2000, the plaintiff, John A. Barone picked up a container/dumpster filled with scrap and waste cardboard from the Transfer Station, (hereinafter the "Container") which had been packed by the Town of Branford, its' agents, servants, and/or employees, acting within the scope of their authority to do so.

5. Said Container had been packed by the Town of Branford, its' agents, servants and/or employees with a compactor, owned maintained, possessed and controlled by the Town of Branford, its' agents, servants and or employees and in use at the Transfer Station (hereinafter the "Compactor").

6. On said date, , the plaintiff transported the Container from the Transfer Station to the defendant, The Marcus Paper Company, 93 Wood Street, West Haven, Connecticut.

7. At said time and place, the plaintiff began offloading the Container and upon unpinning the door handle, suddenly and without warning, the door flew open striking the plaintiff in the head and face, causing him serious injuries and damages, hereinafter set forth.

8. The injuries and damages of the plaintiff, John A. Barone were caused by the carelessness and negligence of the defendants, Margaret Hall (aka Peg Hall), Edward Masotta and Thomas Woodford their agents, servants, and/or employees in any one or more of the following ways:

    a. In that they allowed scrap and waste cardboard to be packed into the Container under high pressure creating a risk that persons opening the dumpster, particularly the plaintiff, would be subjected to physical injury;

b. In that they failed to warn the plaintiff that the Container had been packed with wastepaper under high pressure creating a risk of injury to persons opening the door to said Container;

c. In that they allowed the pressure in the Compactor to be set high which created a risk of injury to persons such as the plaintiff when opening the said Container;

d. In that they allowed the pressure in the Compactor to be set at pressures above the specifications called for in the compactor operations manual thus creating high pressure in the Container which created a risk of injury to persons such as the plaintiff opening the Container.

9. The negligence of said defendants, Margaret Hall (aka Peg Hall), Edward Masotta and Thomas Woodford, their agents, servants and/or employees as set forth above subjected the plaintiff, a member of a foreseeable class of victims to risk of imminent harm.

10. As a result of the carelessness and negligence of said defendants, Margaret Hall (aka Peg Hall), Edward Masotta and Thomas Woodford, their agents, servants and/or employees as aforesaid the plaintiff suffered from numerous injuries including: supraorbital rim fracture, left sinus fracture, left superior ridge fracture; right temporal bone fracture; right petrous bone fracture, mastoid fracture; left comminuted fracture of the orbital roof; 8cm jagged laceration at the right posterior scalp, left supraorbital 4 cm laceration, left eye downward gaze; subdural hematomas, contusion over the right temporal and hemotympanum; subarachnoid hemorrhage; memory loss, brain injury, and decreased hearing in the right ear from which injuries or the effects thereof the plaintiff sustained considerable pain and suffering, which injuries or the effects thereof may be permanent in nature.

11. As a further result of the carelessness and negligence of the said defendants, Margaret Hall (aka Peg Hall), Edward Masotta and Thomas Woodford, their agents, servants, and/or employees, as aforesaid, the plaintiff incurred considerable expenses for hospital care, medical care and attention, x-rays, diagnostic imaging, prescriptions, CT Scans, MRI Scans, surgeries, and medicines and may be obliged to incur further expenses for same in the future.

12. As a further result of the carelessness and negligence of the defendants, Margaret Hall (aka Peg Hall), Edward Masotta and Thomas Woodford, their agents, servants, and/or employees, as aforesaid, the plaintiff was caused to miss time from work and may lose time in the future and his future earning capacity has been impaired and the plaintiff's normal activities were impaired and may be so impaired in the future.

## SECOND COUNT: (As to the defendant, Town of Branford)

1-12 Paragraphs One through Twelve of the First Count are hereby made Paragraphs One through Twelve of the Second Count.

13. On or about, February 5, 2001, the plaintiff caused a Notice of Intention to make a claim to be filed upon the defendants, a copy of which is attached hereto as Exhibit A.

14. At all times mentioned herein, the conduct of said defendants, Margaret Hall aka Peg Hall, Edward Masotta & Thomas Woodford constituting carelessness and negligence as above described, occurred in the performance of their duties and within the scope of their employment with the Town of Branford.

*Kennedy, Johnson, D'Elia & Gillooly L.L.C.* • ATTORNEYS AT LAW

15. Pursuant to C.G.S. §7-465, the defendant, **Town of Branford**, is jointly liable to the plaintiff for all damages, injuries and losses sustained by the plaintiff as a result of this accident.

**THIRD COUNT: (As to the defendant, The Marcus Paper Company)**

1. At all times relevant hereto one, Edward "Bo" Belamy was an agent, servant and/or employee of The Marcus Paper Company, acting within the scope of his authority as such.

2-5 Paragraphs One through Four of the First Count are hereby made Paragraphs Two through Five of the Third Count.

6. On November 1, 2000, the plaintiff, John A. Barone delivered said Container to the defendant, **The Marcus Paper Company** at 93 Wood Street, West Haven, Connecticut

7. On said date, Edward "Bo" Belamy assisted the plaintiff in offloading the contents of the Container. Specifically, Belamy held the door and/or door handle to the Container in place while the plaintiff, John A. Barone unlatched the pin that was holding the door closed.

8. At said time and place, the defendant, acting by and through, Edward "Bo" Belamy failed to hold said door and/or door handle securely, and as a result of said failure, the door swung open striking the plaintiff in the head and face, causing him serious and severe damages as hereinafter set forth.

Kennedy, Johnson, D'Elia & Gillooly L.L.C. • ATTORNEYS AT LAW
LONG WHARF MARITIME CENTER • 545 LONG WHARF DRIVE • NEW HAVEN, CT 06511

03/19/2002  11:25                                                              MAR 19 '02 10:52
PAGE.11

9. The injuries to the plaintiff, John A. Barone were caused by the negligence and carelessness of the defendant, acting by and through Edward "Bo" Belamy, and or its other employees, servants, actual or apparent agents in any one or more of the following respects:

   a. In that he failed to hold the door and/or door handle in place when he knew or should have known such failure would subject the plaintiff to risk of injury;

   b. In that he let go of said door and/or door handle subjecting the plaintiff to risk of serious physical injury;

   c. In that he failed to warn the plaintiff of his failure and or his inability to hold said door and/or door handle in place, subjecting the plaintiff to risk of serious physical injury;

10. As a result of the carelessness and negligence of the defendant, The Marcus Paper Company, its' agents, servants and/or employees as aforesaid the plaintiff suffered from numerous injuries including: supraorbital rim fracture, left sinus fracture, left superior ridge fracture; right temporal bone fracture; right petrous bone fracture, mastoid fracture; left comminuted fracture of the orbital roof; 8cm jagged laceration at the right posterior scalp, left supraorbital 4 cm laceration, left eye downward gaze; subdural hematomas, contusion over the right temporal and hemotympanum; subarachnoid hemorrhage; memory loss, brain injury, and decreased hearing in the right ear from which injuries or the effects thereof the plaintiff sustained considerable pain and suffering, which injuries or the effects thereof may be permanent in nature.

*Kennedy, Johnson, D'Elia & Gillooly L.L.C.* • ATTORNEYS AT LAW
LONG WHARF MARITIME CENTER • 545 LONG WHARF DRIVE • NEW HAVEN, CT 06511
FAX (203) 865-5345 • (203) 865-8430

MAR 19 2002 (TUE) 11:02   HOSSCOR
PAGE.11/13
Mar 20 02 03:54p  k&c  413 283 7196  p.10

03/19/2002   11:25

11. As a further result of the carelessness and negligence of the defendant, The Marcus Paper Company, its' agents, servants, and/or employees, as aforesaid, the plaintiff incurred considerable expenses for hospital care, medical care and attention, x-rays, diagnostic imaging, prescriptions, CT Scans, MRI Scans, surgeries, and medicines and may be obliged to incur further expenses for same in the future.

12. As a further result of the carelessness and negligence of said defendant, as aforesaid, the plaintiff was caused to miss time from work and may lose time in the future and his future earning capacity has been impaired and the plaintiff's normal activities were impaired and may be so impaired in the future.

Dated at New Haven, Connecticut this 14th day of March, 2002.

THE PLAINTIFF

BY _____
JOHN J. KENNEDY, JR.
KENNEDY, JOHNSON,
D'ELIA & GILLOOLY

Kennedy, Johnson, D'Elia & Gillooly L.L.C. • ATTORNEYS AT LAW
LONG WHARF MARITIME CENTER • 545 LONG WHARF DRIVE • NEW HAVEN, CT 06511
FAX (203) 865-5345 • (203) 865-8430

03/19/2002  11:25                                                    MAR 19 '02 10:52
                                                                     PAGE.13

| | | |
|---|---|---|
| RETURN DATE: MAY 7, 2002 | : | SUPERIOR COURT |
| JOHN A. BARONE | : | J.D. OF NEW HAVEN |
| VS. | : | AT NEW HAVEN |
| TOWN OF BRANFORD, ET AL | : | MARCH 11, 2002 |

### STATEMENT OF AMOUNT IN DEMAND

The plaintiff claims compensatory damages within the jurisdiction of this Court in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

THE PLAINTIFF

BY _____
JOHN J. KENNEDY, JR.
KENNEDY, JOHNSON,
D'ELIA & GILLOOLY

Kennedy, Johnson, D'Elia & Gillooly L.L.C. • ATTORNEYS AT LAW
LONG WHARF MARITIME CENTER • 545 LONG WHARF DRIVE • NEW HAVEN, CT 06511

February 5, 2001

TO: Georgette Laske, Town Clerk, P.O. Box 150, Branford, CT 06405

Anthony J. DaRos, First Selectman, Town of Branford, P.O. Box 150, Branford, CT 06405

Edward Masotta, Director of Public Works, 43 North Main Street, Branford, CT 06405

Pag Hall, Director of, Recycling Center/Transfer Station, P.O. Box 150, Branford, CT 06405

Thomas Woodford, Superintendent, Recycling Center/Transfer Station, P.O. Box 150, Branford, CT 06405

### NOTICE OF INTENTION TO SUE

Pursuant to Sections 7-101a and 7-465 of the Connecticut General Statutes, the undersigned hereby gives notice of personal injuries, losses and damages and intention to commence suit against the above parties. The undersigned provides the following information in accordance with said statutes:

DATE: 11/1/00

PLACE: Branford Recycling Center/Transfer Station, 747 East Main Street, Branford, Connecticut.

CLAIMANT: John A. Barone, 169 Washington Avenue, West Haven, CT 06516

CLAIMS: The Town of Branford, its agents, servants and/or employees of the town, acting within the scope of their authority as such overfilled a dumpster/trash container. As a

EXHIBIT A

result, the claimant was struck by the door handle which swung under pressure while he was attempting to open the dumpster/trash container causing him serious physical injuries. The dumpster/trash container was over packed and the said agent, servants and/or employees failed to warn the claimant of said dangerous condition.

INJURIES, LOSSES
AND DAMAGES: The claimant, John A. Barone sustained the following injuries which include, but are not limited to: supraorbital rim fracture, left sinus fracture, left superior ridge fracture; right temporal bone fracture; right petrous bone fracture, mastoid fracture; left comminuted fracture of the orbital roof; 8cm jagged laceration at the right posterior scalp; left supraorbital 4 cm laceration, left eye downward gaze; subdural hematomas, contusion over the right temporal and hemotympanum; subarachnoid hemorrhage; and decreased hearing in the right ear, which injuries are a or may be permanent. The claimant also incurred substantial medical bills and lost earnings.

The Claimant will claim damages from the above individuals and the Town of Branford for the injuries, losses and all economic and non-economic damages allowed by law.

CLAIMANT, JOHN A. BARONE

By/s/ JOHN J. KENNEDY, JR.

Received: _____

Date _____