UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION | : | CIVIL ACTION NO. |
| Plaintiff | : | 3 02 CV 1824 AVC |
| | : | |
| VS. | : | |
| | : | |
| TOWN OF BRANFORD: GEORGETTE | : | |
| LASKE, MARGARET HALL, EDWARD | : | |
| MASOTTA, THOMAS WOODFORD and | : | |
| THE LEGION INSURANCE COMPANY | : | |
| Defendant | : | DECEMBER 6, 2004 |

## ANSWER TO SUBSTITUTED COMPLAINT AND COUNTERCLAIM

### ANSWER

1. The defendants admit so much of paragraph 1 as alleges that Westport Insurance Company engages in the business of insurance in the State of Connecticut. As to the remaining allegations of paragraph 1, the defendants are without knowledge or belief sufficient upon which to form a belief and therefore leave the plaintiff to its proof.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are admitted.

4. The allegations of paragraph 4 are admitted.

5. As to the allegations of paragraph 5, the defendants are without knowledge or belief sufficient upon which to form a belief and therefore leave the plaintiff to its proof.

6. As to the allegations of paragraph 6, the defendants are without knowledge or belief sufficient upon which to form a belief and therefore leave the plaintiff to its proof.

7. As to the allegations of paragraph 7, the defendants are without knowledge or belief sufficient upon which to form a belief and therefore leave the plaintiff to its proof.

8. As to the allegations of paragraph 8, the defendants are without knowledge or belief sufficient upon which to form a belief and therefore leave the plaintiff to its proof.

9. As to the allegations of paragraph 9, the defendants are without knowledge or belief sufficient upon which to form a belief and therefore leave the plaintiff to its proof.

10. The allegations of paragraph 10 are admitted.

11. The allegations of paragraph 11 are admitted.

12. The allegations of paragraph 12 are admitted, except so much as refers to the container being packed "too tightly," which the defendants deny is alleged by Mr. Barone.

13. The allegations of paragraph 13 are admitted.

14. The allegations of paragraph 14 are admitted.

15. As to the allegations of paragraph 15, the defendants are without knowledge or belief sufficient upon which to form a belief and therefore leave the plaintiff to its proof.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are denied.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. The defendants admit only so much of paragraph 20 as alleges that Westport has agreed to share in providing a defense to the Town and its agents in the Barone litigation, subject to a reservation of Westport's rights under the policy. The remainder of paragraph 20, if any, is denied.

## COUNTERCLAIM OF CONNECTICUT INSURANCE GUARANTY ASSOCIATION

1. The defendant/counterclaim plaintiff Connecticut Insurance Guaranty Association [hereinafter CIGA] is an entity established by the statutes of the State of Connecticut.

2. Upon information and belief, the plaintiff/counterclaim defendant Westport Insurance Company [Westport Insurance] is a Missouri corporation with its principal place of business in Overland Park, Kansas.

3. Upon information and belief, Westport Insurance Corporation is authorized to and does engage in the business of insurance in the State of Connecticut.

4. This Court has jurisdiction over the parties and the subject matter of this dispute pursuant to 28 U.S.C. §§1332 and 2201. The amount in controversy, exclusive of

interest and costs, exceeds $75,000.

5.  On November 1, 2000, John Barone, while in the course of his employment for John's Refuse Removal, Inc., sustained a personal injury.

6.  John Barone has instituted an action for money damages stemming from that November 1, 2000 injury against the Town of Branford and against certain Town officials, Margaret Hall, Edward Mosotta, and Thomas Woodford, among other entities.

7.  At the time of the November 1, 2000 injury, John Barone and John's Refuse Removal, Inc. were performing the obligations stated in a Haul of Corrugated Cardboard Contract with the Town of Branford.

8.  The Haul of Corrugated Cardboard Contract, in Section VI, entitled Insurance, obligated John's Refuse Removal, Inc. to provide general liability insurance with not less than $1,000,000 in coverage and to name the Town of Branford as an additional insured on said policy.

9.  The Haul of Corrugated Cardboard Contract, in Section VI, entitled Insurance, obligated John's Refuse Removal, Inc. to save the Town of Branford harmless from all suits or actions brought against it for, or on account of, any injuries received or sustained by any parties in the performance of the obligations of John's Refuse Removal, Inc.

10. In accordance with the terms of the Haul of Corrugated Cardboard

Contract, John's Refuse Removal, Inc. provided the Town of Branford with a Certificate of Liability Insurance identifying Westport Insurance Corporation as having issued commercial general liability insurance to John's Refuse Removal, Inc. with limits of $1,000,000 each occurrence and naming the Town of Branford as an Additional Insured.

11. Upon information and belief, at the time of the November 1, 2000 injury, Westport Insurance had in force a policy including commercial general liability coverage with John's Refuse Removal, Inc. as the named insured.

12. Upon information and belief, the policy of commercial general liability insurance obligates Westport Insurance to pay those sums that the insured becomes legally obligated to pay and to defend the insured against any suit seeking such damages.

13. Upon information and belief, the policy of commercial general liability insurance named the Town of Branford as an additional insured with respect to liability arising out of the operations of John's Refuse Removal, Inc.

14. The claims and alleged liability of John Barone against the Town of Branford and its officials arose out of the operations of John's Refuse Removal, Inc.

15. Westport Insurance has failed or refused to accept full responsibility for the defense and indemnification, up to the limits of liability, of the Town of Branford and its officials with respect to the claim of John Barone.

16. Pursuant to and subject to the limitations of Connecticut statutes, CIGA has succeeded to the responsibilities of Legion Insurance Company, which had issued a policy of commercial liability insurance to the Town of Branford.

17. To date, CIGA and Westport Insurance have agreed to fund and have funded the defense of the Town of Branford and its officials on a 50/50 basis, without prejudice to reallocation of those payments upon resolution of their respective coverage obligations.

18. Pursuant to General Statutes §38a-845, any coverage for defense or indemnification of the Town of Branford and its officials under the Westport Insurance policy is primary to and must be exhausted prior to any liability on the part of CIGA.

WHEREFORE, the defendant/counterclaim plaintiff Connecticut Insurance Guaranty Association claims and prays for:

a. A declaration that the Town of Branford is an insured under the Westport Insurance Corporation policy number RF2020462-1 with respect to the claim made against it by John Barone arising out of the incident of November 1, 2000;

b. A declaration that Westport Insurance Corporation is obligated to provide a defense and indemnification to the Town of Branford and its officials, Margaret Hall, Edward Mosotta, and Thomas Woodford, with respect to the claim made against them by

John Barone arising out of the incident of November 1, 2000;

  c. A declaration that the obligation of Westport Insurance Corporation to provide a defense and indemnification to the Town of Branford and its officials, Margaret Hall, Edward Mosotta, and Thomas Woodford, with respect to the claim made against them by John Barone arising out of the incident of November 1, 2000 is primary to any obligation on the part of the Connecticut Insurance Guaranty Association;

  d. Reimbursement for the costs contributed by CIGA to the defense of the Town of Branford and its officials, Margaret Hall, Edward Mosotta, and Thomas Woodford, with respect to the claim made against them by John Barone arising out of the incident of November 1, 2000; and

  e. Reimbursement for any monies paid by CIGA to indemnify the Town of Branford and its officials, Margaret Hall, Edward Mosotta, and Thomas Woodford, with respect to the claim made against them by John Barone arising out of the incident of November 1, 2000.

          THE DEFENDANTS
          TOWN OF BRANFORD: GEORGETTE
          LASKE, MARGARET HALL, EDWARD
          MASOTTA, THOMAS WOODFORD and
          THE CONNECTICUT INSURANCE
          GUARANTY ASSOCIATION

BY_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101    Fed Bar # ct05733

## **CERTIFICATION**

    I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 6th day of December, 2004, to:

Michael S. Taylor, Esq.
Horton, Shields & Cormier, P.C.
90 Gillett Street
Hartford, Connecticut  06105
(860) 522-8338

                                              _____
                                              Jack G. Steigelfest
                                              Howard, Kohn, Sprague & FitzGerald