UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION | : | CIVIL ACTION NO. |
| Plaintiff | : | 3 02 CV 1824 AVC |
| | : | |
| VS. | : | |
| | : | |
| TOWN OF BRANFORD:  GEORGETTE LASKE, MARGARET HALL, EDWARD MASOTTA, THOMAS WOODFORD and THE LEGION INSURANCE COMPANY | : : : : | |
| Defendants | : | DECEMBER 6, 2004 |

## SUBSTITUTED LOCAL RULE 56(A)(1) STATEMENT

1. Attached hereto as Exhibit A is a true and accurate copy of the Complaint of John A. Barone (Underlying Complaint) in the matter of John A. Barone v. Town of Branford, pending before the Superior Court for the State of Connecticut, in the Judicial District of New Haven at New Haven, Docket No. CV 02 0462925S.

2. Attached hereto as Exhibit B is a true and accurate copy of the Town of Branford Haul of Corrugated Cardboard Contract between the Town of Branford and John's Refuse Removal, Inc.

3. Attached hereto as Exhibit C is a true and accurate copy of the plaintiff Westport Insurance Company's compliance with the defendants' Request

for Production of a true and accurate copy of the applicable insurance policy issued to John's Refuse Removal, Inc.

    4.    On November 1, 2000, John Barone, while in the course of his employment for John's Refuse Removal, Inc., sustained a personal injury. Exhibit A.

    5.    John Barone has instituted an action for money damages stemming from that November 1, 2000 injury against the Town of Branford and against certain Town officials, Margaret Hall, Edward Mosotta, and Thomas Woodford, among other entities. Exhibit A.

    6.    At the time of the November 1, 2000 injury, John Barone and John's Refuse Removal, Inc. were performing the obligations stated in a Haul of Corrugated Cardboard Contract with the Town of Branford. Exhibits A and B.

    7.    The Haul of Corrugated Cardboard Contract, in Section VI, entitled Insurance, obligated John's Refuse Removal, Inc. to provide general liability insurance with not less than $1,000,000 in coverage and to name the Town of Branford as an additional insured on said policy. Exhibit B

    8.    The Haul of Corrugated Cardboard Contract, in Section VI, entitled Insurance, obligated John's Refuse Removal, Inc. to save the Town of Branford harmless from all suits or actions brought against it for, or on account of, any

injuries received or sustained by any parties in the performance of the obligations of John's Refuse Removal, Inc. Exhibit B

9. In accordance with the terms of the Haul of Corrugated Cardboard Contract, John's Refuse Removal, Inc. provided the Town of Branford with a Certificate of Liability Insurance identifying Westport Insurance Corporation as having issued commercial general liability insurance to John's Refuse Removal, Inc. with limits of $1,000,000 each occurrence and naming the Town of Branford as an Additional Insured. Exhibit B

10. At the time of the November 1, 2000 injury, Westport Insurance had in force a policy including commercial general liability coverage with John's Refuse Removal, Inc. as the named insured. Exhibit C

11. The policy of commercial general liability insurance obligates Westport Insurance to pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury and to defend the insured against any suit seeking such damages. Exhibit C

12. The policy of commercial general liability insurance named the Town of Branford as an additional insured with respect to liability arising out of the operations of John's Refuse Removal, Inc. Substituted Complaint of Westport Insurance Company, ¶8.

13. The policy of commercial general liability insurance includes a General Liability Enhancement Endorsement (Serial No. WIC-3367 (03/98)) which adds the following paragraph to Section II of the policy defining Who Is An Insured:

> Any person, organization, trustee, or estate that has obligated you by written contract to provide the insurance that is afforded by this policy, but only with respect to liability arising out of "Your Work", "Your Product" and to property owned or used by you. However:
>
> a. This provision does not apply unless the written contract has been executed prior to the "bodily injury", "property damage", "personal injury" or "advertising injury";
>
> b. The Limits of Insurance applicable to the additional insured are those specified in the written contract or in the Declarations for this policy, whichever are less. The limits of Insurance are inclusive of and not in addition to the Limits of Insurance shown in the Declarations.

Exhibit C

14. The claims and alleged liability of John Barone against the Town of Branford and its officials arise out of the operations of John's Refuse Removal, Inc. Exhibits A, B and C

15. The claims and alleged liability of John Barone against the Town of Branford and its officials arise out of "your work" or "your product" within the meaning of the policy issued by Westport Insurance Company to John's Refuse

Removal, Inc. Exhibits A, B and C

16. Westport Insurance has failed or refused to accept full responsibility for the defense and indemnification, up to the limits of liability, of the Town of Branford and its officials with respect to the claim of John Barone. Substituted Complaint of Westport Insurance Company

17. Pursuant to and subject to the limitations of Connecticut statutes, CIGA has succeeded to the responsibilities of Legion Insurance Company, which had issued a policy of commercial liability insurance to the Town of Branford. Substituted Complaint of Westport Insurance Company

18. To date, CIGA and Westport Insurance have agreed to fund and have funded the defense of the Town of Branford and its officials on a 50/50 basis, without prejudice to reallocation of those payments upon resolution of their respective coverage obligations. Substituted Complaint of Westport Insurance Company, ¶20

19. Pursuant to General Statutes §38a-845, any coverage for defense or indemnification of the Town of Branford and its officials under the Westport Insurance policy is primary to and must be exhausted prior to any liability on the part of CIGA.

20. CIGA is entitled to reimbursement from Westport Insurance

Company of the monies it has contributed to the defense and any monies it may contribute toward the indemnification of the Town of Branford and its officials

THE DEFENDANTS

BY_____
Jack G. Steigelfest
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, CT 06126-1798
(860) 525-3101 Juris No.  28160

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 1st day of December 2004, to:

Michael S. Taylor, Esq.
Horton, Shields & Cormier, P.C.
90 Gillett Street
Hartford, Connecticut  06105
(860) 522-8338

_____

Jack G. Steigelfest
Commissioner of the Superior Court

Case 3:02-cv-01824-AVC    Document 49    Filed 12/13/2004    Page 7 of 7