FILED

2004 DEC 21  P 3: 34

UNITED STATES DISTRICT COURT
U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD, CT.

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION<br>Plaintiff | CIVIL ACTION NO.<br>3 02 CV 1824 AVC |
| VS. | |
| TOWN OF BRANFORD: GEORGETTE<br>LASKE, MARGARET HALL, EDWARD<br>MASOTTA, THOMAS WOODFORD and<br>THE LEGION INSURANCE COMPANY<br>Defendants | DECEMBER 21, 2004 |

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Background

The plaintiff and the defendants in this action have filed cross motions for summary judgment relying on the same factual documentation. There are no factual disputes between the parties, and the question of coverage for the defendants presents an issue of law for the Court.

In its Motion for Summary Judgment and supporting papers, Westport Insurance Company makes two arguments. Westport first argues that the Town of Branford is not an insured under the policy issued by Westport to John's Refuse Removal, Inc. because the underlying claim of Mr. Barone does not arise out of

1

the work of John's Refuse Removal, Inc. In so arguing, Westport fails to acknowledge the majority rule interpreting the relevant policy language as well as the allegations establishing the causal connection between the activity of Mr. Barone in his capacity as an employee of John's Refuse Removal, Inc. at the time of his injury and his claim against the Town and its officials. Westport then argues that even if the Town is an insured under the Westport policy, coverage is nevertheless excluded by an employer's liability exclusion removing coverage for bodily injury to an employee of "the insured" arising out of his employment. In so arguing, Westport ignores controlling Connecticut law, and the majority of law elsewhere, establishing that an employer's liability exclusion does not bar coverage for a claim by an employee of one insured against another insured in light of the specific limitation of the exclusion to an employee of "the insured" and the presence of a severability of interests provision, as found in the Westport policy.

For these reasons, as more fully articulated below, the defendants maintain that they are entitled to summary judgment declaring that they are covered under the Westport policy with respect to the claim of John Barone.

Argument

I.    The Claim of John Barone Arises Out Of the Work of John's Refuse

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

Removal, Inc.

Westport Insurance Company's entire argument that the Town is not entitled to additional insured status under its policy is supported by one Appellate Court case from Ohio, inconsistent with other Ohio law and the majority rule around the country, suggesting that the policy language should be interpreted in accordance with an unstated "purpose" that has no rationale articulated by Westport. That argument should be rejected.

After reciting the policy language making the Town an insured "with respect to liability arising out of" the work of John's Refuse Removal, Inc. as defined in the policy, Westport turns immediately to the supposed "purpose" of this language to protect the Town from being vicariously liable for the tortious acts of John's Refuse Removal, Inc. The policy language makes no reference to vicarious liability, and the meaning of the language is to found in the language itself, not from some unstated purpose of Westport. In construing a contract, the controlling factor is the intent expressed in the contract, "not the intent which the parties may have had or which the court believes they ought to have had." Robinson v. Weitz, 171 Conn. 545, 551 (1976). *Accord* Smithfield Associates, LLC v. Tolland Bank, 86 Conn. App. 14 (2004). Had Westport intended to limit the scope of the policy language to liability arising vicariously, it could easily have used language containing that

3

limitation, as exemplified in the many cases discussing such limited language. The language used contains no such limitation to vicarious liability, and the well-reasoned majority rule, as summarized in the defendants' Motion for Summary Judgment, is that the language used cannot be read to include a limitation not apparent in the language itself.

Westport then turns to the question of whether the allegations of the Underlying Complaint of John Barone are sufficient to trigger its duty to defend. Westport correctly notes that the duty to defend depends on the allegations of the Underlying Complaint, but fails to state the correct standard for determining when the allegations are sufficient to trigger the duty.

> "We note at the outset that it is well settled that an insurer's duty to defend ... is determined by reference to the allegations contained in the [underlying] complaint." (Internal quotation marks omitted.) Springdale Donuts, Inc. v. Aetna Casualty & Surety Co. of Illinois, supra, 247 Conn. at 807, 724 A.2d 1117. "[I]f an allegation of the complaint falls **even possibly** within the coverage, then the insurance company must defend the insured."

Schilberg Integrated Metals Corp. v. Continental Cas. Co., 263 Conn. 245, 258 (2003)(emphasis added). The question is whether the allegations of the Underlying Complaint and the reasonable inferences therefrom support a conclusion that the liability of the Town is in any way connected with or incident to the work of John's Refuse Removal, Inc.

4

For purposes of applying this language, the Westport policy defines the work of John's Refuse Removal, Inc. as "[w]ork or operations performed by [John's Refuse Removal, Inc.] or on [its] behalf," and "materials, parts or equipment furnished in connection with such work or operations." As set forth in the Underlying Complaint of John Barone, he was in the course of his employment for John's Refuse Removal, Inc. when he picked up a recycling container, which was supplied by John's Refuse Removal, Inc., from the Town's facility and transported the container to the recycling facility, where the door flew upon when he unpinned the handle. These allegations are plainly sufficient to establish the minimal causal relation between the operations and equipment of John's Refuse Removal, Inc. and the claim of Mr. Barone necessary to establish the Town as an insured under the Westport policy. Some cases suggest that the "arising out of" language would extend coverage to an additional insured even where an employee of a named insured contractor trips over a premises defect totally unrelated to the named insured's work, so long as the employee was in the course of his employment at the time of his injury, on the basis that the injury would not have occurred but for the work of the named insured. The court need not go so far in this case. The causal connection is much stronger under the allegations of the Underlying Complaint, which directly relate the injury to opening the container, part of the work

5

necessary to fulfill the contract of Johns' Refuse Removal, Inc.

As recited in the defendants' Memorandum in support of their own Motion for Summary Judgment, the fact that John Barone was in the course of his employment for John's Refuse Removal, Inc. at the time of his injury is in itself presumptively sufficient to establish that the injury was causally related to the work of his employer. Although there may be some circumstances in which an employee so far deviates from his duties that this presumptive rule may be overcome, the facts as alleged by John Barone establish that he was directly engaged in the work of his employer when he unhinging the latch to the recycling container. Indeed, the allegations raise the reasonable inference that the injury would only have occurred to someone so engaged. Westport's conclusory arguments that the claim does not arise out of that work are based on an inapplicable standard of law and an overly restrictive reading of the allegations of the Underlying Complaint.

II.     The Employer's Liability Exclusion Does Not Bar Coverage to the Town with Respect to Employees of John's Refuse Removal, Inc.

Westport's argument that the employer's liability exclusion bars coverage for the Town of Branford with respect to an employee of John's Refuse Removal, Inc. is made with disregard of controlling Connecticut law and the interpretation of

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

the policy language in most other states.

This precise issue was addressed in <u>Sacharko v. Center Equities Litd. Partnership</u>, 2 Conn. App. 439 (1984). Noting the severability of interests clause found in the insurer's policy providing that the insurance shall apply separately to each insured, the court joined the many cases holding that the employer's liability exclusion does not bar coverage for a claim by an employee of one insured against another insured.

> In general, a suit by the named insured's employee against an additional insured under the policy is protected from the employee exclusion clause; and where, as here, there is a severability of interests provision, a limit is placed on the exclusion to allow more complete recovery under the policy. 6C Appleman, [Insurance Law and Practice], § 4413. Severability of interests provisions were adopted by the insurance industry to define the extent of coverage afforded by a policy issued to more than one insured. <u>Ratner v. Canadian Universal Ins. Co.</u>, 359 Mass. 375, 380, 269 N.E.2d 227 (1971). Where a policy contains a severability of interests clause, it is a recognition by the insurer that it has a separate and distinct obligation to each insured under the policy, and that the exclusion under the policy as to employees of the insured is confined to the employee of the insured who seeks protection under the policy. <u>Employers' Liability Assurance Corporation v. Travelers Ins. Co.</u>, 411 F.2d 862, 865-66 (2d Cir.1969); <u>General Aviation Supply Co. v. Ins. Co. of North America</u>, 181 F.Supp. 380, 384 (E.D.Mo.), <i>aff'd</i>, 283 F.2d 590 (8th Cir.1960). "[T]he term 'the insured' as used in [the] policy must be examined by first applying the 'severability of interests' test. 'The insured' does not refer to all insureds; rather, the term is used to refer to each insured as a separate and distinct individual apart from any and every other person who may be entitled to coverage thereunder. When a claim is made against one who is

7

an 'insured' under the policy, the latter is 'the insured,' for the purpose of determining the [insurer's] obligations with respect to such claim." Commercial Standard Ins. Co. v. American Gen. Ins. Co., 455 S.W.2d 714, 721 (Tex.1970). Thus, the test of whether the employee's exclusion clause precludes coverage must be applied to each insured separately and not to all collectively. Id.

Sacharko, 2 Conn. App. at 443-44. Accord Centenial Ins. Co. v. Ryder Truck Rental, Inc., 149 F.3d 378 (5th Cir. 1998)(predicting Mississippi law); Truck Ins. Exchange v. BRE Properties, Inc., 119 Wash. App. 582, 81 P.3d 929 (2003); Atchison, Topeka and Santa Fe Ry. Co. v. St. Paul Surplus Lines Ins. Co., 328 Ill.App.3d 711, 767 N.E. 827 (2002); Admiral Ins. Co. v. Trident NGL Inc., 988 S.W.2d 451,455-56 (1999); Erdo v. Torcon Constr. Co., 275 N.J.Super. 117, 645 A.2d 806 (1994); Richmond & Black, Expanding Liability Coverage: Insured Contracts and Additional Insureds, 44 Drake L. Rev. 781, 808 (1996).

The policy of insurance attached to Westport's Rule 56(a)(1) Statement as Exhibit A includes, on page 9 of 12 of the Commercial General Liability Coverage Form, the following severability of interests clause:

> 7.  **Separation Of Insureds**
>
>     Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
>
>     a.  As if each Named Insured were the only Named Insured; and

8

   b.  Separately to each insured against whom claim is made or "suit" is brought.

Under the express language of the policy, each insured must be considered separately. The employer's liability exclusion applies only to bodily injury to an employee of "the insured;" the exclusion has no application to a claim of bodily injury by John Barone against the Town of Branford, where John Barone was not an employee of the Town of Branford.

  Again, Westport could have written its policy so as to preclude coverage for claims by employees of "any insured" instead of "the insured" and presumably would have been entitled to a broader application of the exclusion. *See, e.g.*, <u>Petticrew v. ABB Lummus Global, Inc.</u>, 53 F.Supp.2d 863 (E.D. La. 1999). Having written the exclusion to apply only to employees of "the insured" and having included a severability of interests clause, Westport is defeated by its own policy language.

<u>Conclusion</u>

  For the foregoing reasons, the defendants assert that the arguments of Westport Insurance Company are unpersuasive and should be rejected. The defendants, rather than Westport Insurance Company, are entitled to judgment as a matter of law declaring that they are entitled to the protection of the Westport

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

policy with respect to the claim of John Barone.

THE DEFENDANTS

BY _____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut 06126-1798
(860) 525-3101    Fed Bar # ct05733

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 21st day of December 2004, to:

Michael S. Taylor, Esq.
Horton, Shields & Cormier, P.C.
90 Gillett Street
Hartford, Connecticut 06105
(860) 522-8338

_____
Jack G. Steigelfest
Commissioner of the Superior Court

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160