

Slip Copy
2004 WL 1774628 (D.Conn.)
**(Cite as: 2004 WL 1774628 (D.Conn.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.

Michael MOURNING, Petitioner,
v.
Warden ZYRENDA, Respondent.

**No. 3:02CV2318(MRK).**

Aug. 4, 2004.

Michael Mourning, Waterbury, CT, pro se.

Jo Anne Sulik, Chief State Attorney Office, Civil Litigation Bureau, Rocky Hill, CT, for Respondent.

RULING

KRAVITZ, J.

**\*1** Petitioner, Michael Mourning, brings this action *pro se* for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction on charges of possession and sale of narcotics. Pending before the Court is Respondent's Motion to Dismiss [doc. # 15]. For the reasons set forth below, the Motion to Dismiss is GRANTED.

I.

In June 1996, Petitioner pleaded guilty to two counts of sale of narcotics and one count of possession with intent to sell narcotics in violation of Connecticut General Statutes § 21a-277. On August 7, 1996, the Connecticut Superior Court for the Judicial District of Danbury sentenced Petitioner to a total effective sentence of 20 years, suspended after ten years and with five years probation. Pet. for Writ of Habeas Corpus [doc. # 2] at 2. Petitioner did not appeal his conviction. *Id.* at 3.

On November 1, 1996, Petitioner filed his first petition for writ of habeas corpus in state court, alleging that the sentencing judge did not properly canvass him on the possession with intent to sell offense to which he pleaded guilty. On February 14, 2001, Superior Court Judge David Barry granted Respondent's motion for summary judgment and denied the petition. *See Mourning v. Warden,* No. CV960002281S, 2001 WL 220232, at \*5 (Conn.Super.Ct. Feb.14, 2001). On February 21, 2001, Judge Barry denied Petitioner's request for certification to appeal the denial of the habeas petition to the Connecticut Appellate Court. Petitioner did not appeal the denial of his request for certification. [FN1]

> FN1. The Court notes that Petitioner filed a second petition for writ of habeas corpus in state court in August 1998, which was dismissed in September 2000. *See Mourning v. Warden,* CV-98-0003132-S (Conn.Super.Ct. Aug. 25, 1998). Petitioner did not appeal the dismissal of that petition. There is no reference to this second state petition in the amended petition filed in this case. In any event, the filing of the second petition has no bearing on the determination of whether the present action is barred by the statute of limitations because it was filed and dismissed during the pendency of Petitioner's first state habeas petition.

On August 17, 2000, Petitioner filed a § 2254 petition for habeas corpus relief in this Court, alleging that his guilty plea was not voluntary because the trial court and defense counsel failed to explain the elements of the possession with intent to sell charge, and also alleging ineffective assistance of counsel. Appx. Ex. E. On April 26, 2001, Judge Janet C. Hall denied the petition without prejudice because Petitioner had failed to exhaust state court remedies as to any of the claims in the petition. *See Mourning v. Strange,* 3:00cv1613 (JCH), slip op. at 8-9 (D.Conn. Apr. 25, 2001). [FN2]

Slip Copy  
2004 WL 1774628 (D.Conn.)  
**(Cite as: 2004 WL 1774628 (D.Conn.))**

Page 2

This Court entered judgment for Respondent on April 30, 2001. Petitioner did not appeal the judgment.

> FN2. The Court takes judicial notice of cases filed in this Court and in state court as well as rulings and pleadings filed in those cases. *See* Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir.1991) (noting that "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

On June 19, 2001, Petitioner filed another state habeas petition, alleging that the state failed to disclose certain exculpatory evidence in his criminal case, a fact that Petitioner claimed he had only recently uncovered through use of the state's Freedom of Information Act. On September 14, 2001, Superior Court Judge Patty Jenkins Pittman granted Respondent's motion to dismiss the petition. *See* Mourning v. Warden, No. CV010165948, 2001 WL 1200336, at *3 (Conn.Super.Ct. Sept.14, 2001). *The Superior Court held that Petitioner could have raised his exculpatory evidence claims in his earlier habeas petition and that Petitioner had failed to demonstrate "good cause" and "actual prejudice" for failing to raise those claims in the prior petition.

**\*2** On December 7, 2001, Petitioner filed a motion to file a late appeal of Judge Pittman's decision dismissing his petition. *See* Appx. Ex. K. On February 20, 2002, the Connecticut Appellate Court denied the motion. *Id.* Ex. L. On March 28, 2002, the Connecticut Supreme Court denied Petitioner's motion to review the Connecticut Appellate Court's decision denying his motion to file a late appeal. *Id.* Ex. N. Petitioner did not file a petition for certiorari to the U.S. Supreme Court. On December 31, 2002, Petitioner filed the present petition. [FN3] Petitioner bases this action solely on the ground that the prosecutor failed to disclose certain exculpatory evidence. *See* Order [doc. # 6]; Amended Petition [doc. # 8].

> FN3. Because Petitioner was not incarcerated when he filed this action, his petition is deemed filed on the date it was file-stamped in this Court, December 31, 2002.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), amended 28 U.S.C. § 2244(d)(1) to impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. AEDPA provides that the one-year limitations period shall run from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A conviction becomes final for purposes of subsection (A) at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). *See* Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir.2000). As the Second Circuit has interpreted this provision, the one-year limitations period does not begin to run until completion of direct appellate review in the state courts and either the denial of a petition for a writ of certiorari by the U.S. Supreme Court or expiration of the time within which to file a petition for certiorari. *See* Williams v. Artuz, 237 F.3d 147, 151 (2d

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2004 WL 1774628 (D.Conn.)
**(Cite as: 2004 WL 1774628 (D.Conn.))**

Page 3

Cir.2001). The limitations period is tolled by the filing of a state habeas petition, but not by the filing of a federal habeas petition. 28 U.S.C. § 2244(d)(2) (statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim in pending"); *Duncan v. Walker,* 533 U.S. 167, 181-82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (pending federal habeas petition does not toll statute of limitations under 28 U.S. § 2244(d)(2)).

### III.

**\*3** Respondent argues that Petitioner's petition should be dismissed both because it is barred by § 2244(d)(1)'s one-year statute of limitations and because Petitioner has failed to exhaust his state court remedies. Petitioner has not responded to the motion to dismiss.

As noted above, the one-year limitations period begins on conclusion of direct review or expiration of the time for seeking direct review. *See Williams,* 237 F.3d at 151. Here, the state court sentenced Petitioner on August 7, 1996, but Petitioner did not file a direct appeal of his conviction or sentence within the time permitted by Connecticut Practice Book § 63-1(a). Once the time for filing a direct appeal to the Connecticut Appellate Court expired without a direct appeal having been filed, the possibility of petitioning the U.S. Supreme Court for a writ of certiorari became moot. *See Nara v. Frank,* 264 F.3d 310, 314 (3d Cir.2001) (noting that, where petitioner did not appeal conviction, petitioner's conviction became final at expiration of time to file direct appeal in state court). As a consequence, Petitioner's conviction became final and the one-year limitations period for federal habeas petitions began on August 28, 1996, the expiration of the time permitted for filing a direct appeal. *See* Practice Book § 63-1(a) (providing for 20-day appeal period). To hold otherwise would permit inmates to intentionally forego a direct appeal and to circumvent the statute of limitations.

Sixty-five days of the limitations period expired before Petitioner filed a habeas petition in state court on November 1, 1996. *See Mourning v. Warden,* No. CV960002281S (Conn.Super.Ct. Nov.1, 1996). That petition, which tolled the limitations period, remained pending until February 21, 2001, when the Superior Court granted Respondent's motion for summary judgment, denied the petition for habeas relief, and denied the request for certification to appeal the court's decision. Petitioner did not appeal the denial of his petition or the denial of his request for certification to appeal to the Connecticut Appellate Court. Thus, the statute of limitations was tolled until March 13, 2001, the date on which Petitioner's time to appeal the court's denial of his habeas petition expired. *See Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999) (an application for state post-conviction review is " 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures"), *aff'd,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

The statute of limitations began to run again on March 14, 2001. *See Smith,* 208 F.3d at 17 (holding that the "proper calculation on Section 2244(d)(2)'s tolling provision excludes the time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run"). Although Petitioner filed a habeas petition in this Court in August 2000, which remained pending until April 30, 2001, the filing of a federal petition does not toll the statute of limitations period. *See Duncan,* 533 U.S. at 181-82 (noting that a pending federal habeas petition did not toll one-year statute of limitations under 28 U.S.C. § 2244(d)). Thus, an additional 97 days of the limitations period passed before Petitioner filed another habeas petition in state court on June 19, 2001. That petition remained pending until March 28, 2002, when the Connecticut Supreme Court denied Petitioner's request to review the denial of his motion to file a late appeal of the habeas petition. Petitioner did not file a petition for certiorari to the U.S. Supreme Court. *See Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir.2001) (holding that though under 28 U.S.C. § 2244(d)(1)(A) the statute of limitations does not begin to run until expiration of the time within which to challenge the original judgment by filing a petition for certiorari in the United States Supreme Court, under § 2244(d)(2) the limitations period is not tolled during the 90-day period following conclusion of state post-conviction relief proceedings during which

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2004 WL 1774628 (D.Conn.)
**(Cite as: 2004 WL 1774628 (D.Conn.))**

Page 4

petitioner could, but does not, pursue certiorari in the Supreme Court). Thus, the limitations period was tolled during the pendency of the second state habeas petition from June 19, 2001 to March 28, 2002. The limitations period began to run again on March 29, 2002, and ran for 277 days until Petitioner filed the present petition on December 31, 2002.

**\*4** When added together, the time periods during which Petitioner had no state habeas petition pending total 439 days. Thus, it is apparent that the present petition is barred by § 2244(d)(2)'s one-year statute of limitations for federal habeas petitions.

The Second Circuit has held that the limitations period set forth in 28 U.S.C. § 2244(d) may be equitably tolled. *See, e.g., Rodriguez v. Bennett,* 303 F.3d 435, 438 (2d Cir.2002) ("the fact that § 2244(d)(2) does not cause exclusion of the federal petition's time of pendency does not necessarily exclude the possibility of discretionary tolling on equitable grounds"); *Smith,* 208 F.3d at 15-17 (adopting the position that "the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period"). Equitable tolling, however, is available only in the " 'rare and exceptional circumstance[ ].' " *Id.* at 17 (quoting *Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir.1999)). Petitioner must "demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing [of his petition] during that time." *Smaldone,* 273 F.3d at 138. The burden rests on Petitioner to demonstrate that "extraordinary circumstances prevented him from filing his [habeas] petition" within the limitations period. *Smith,* 208 F.3d at 17.

Petitioner has not responded to the motion to dismiss, even though it has been pending for more than six months. The Court sent Petitioner a notice on February 18, 2004, giving him express notice that "failure to submit a memorandum in opposition to the motion may be deemed sufficient cause to grant the motion." Order of Notice to Pro Se Litigant [doc. # 17] (quoting D. Conn. L. Civ. R. 7(a)). Thus, Petitioner has presented no argument that equitable tolling should be invoked and the Court cannot find any such evidence in the record. In this regard, the Court notes that Superior Court Judge Pittman found that Petitioner failed to demonstrate good cause or actual prejudice for failing to raise these identical claims in his state habeas petition. *Mourning,* 2001 WL 1200336, at \*3. Accordingly, the motion to dismiss is granted on the ground that the claim in the amended petition is barred by the statute of limitations. [FN4]

> FN4. Because the Court has granted the motion to dismiss on statute of limitations grounds, the Court need not address the remaining arguments raised by the respondent.

IV.

Respondent's Motion to Dismiss [doc. # 15] is GRANTED.

The Supreme Court has held that
> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

**\*5** *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In addition, the Court stated that, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* This Court concludes that a plain procedural bar is present here as no reasonable jurist could conclude that Petitioner timely filed his petition. Accordingly, a certificate of appealability will not issue. The Clerk is directed to close this case.

IT IS SO ORDERED.

2004 WL 1774628 (D.Conn.)

**Motions, Pleadings and Filings** (Back to top)

• 3:02CV02318 (Docket)

Slip Copy                                                                                                                                          Page 5
2004 WL 1774628 (D.Conn.)
**(Cite as: 2004 WL 1774628 (D.Conn.))**

(Dec. 31, 2002)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.