UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

WESTPORT INSURANCE CORP.,        :
   Plaintiff,                    :
                                 :
v.                               :    3:02CV1824(AVC)
                                 :
TOWN OF BRANFORD, ET AL.,        :
   Defendants.                   :

              RULING THE DEFENDANTS' INITIAL
        MOTION FOR SUMMARY JUDGMENT (doc. no.32-A).

   This is a diversity action for equitable relief brought pursuant to 28 U.S.C. §§ 1332 and 2201. Specifically, the parties seek a declaratory judgment regarding the scope of an insurance policy's liability coverage.

   The defendants have filed the within motion for summary judgment (document no. 32-A) pursuant to Fed. R. Civ. P. 56. The defendants also bring the motion pursuant to Fed. R. Civ. P. 16[1], Fed. R. Civ. P. 37(b)[2], and D. Conn. L. Civ. R. 16(f)[3]. Specifically, the defendants argue that the plaintiff, Westport Insurance Corporation ("Westport") "has failed to comply with its

---

[1] Federal Rule of Civil Procedure 16(f) provides, in part: "If a party . . . fails to obey a scheduling or pretrial order . . . the judge, upon motion . . . may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D)." Fed. R. Civ. P. 16(f).

[2] Federal Rule of Civil Procedure 37(b) provides, in relevant part, "if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order . . . ." Fed. R. Civ. P. 37(b).

[3] Local Rule 16(f) provides, in part: "For failure . . . to comply with . . . any orders issued pursuant to this Rule, the Court in its discretion may impose such sanctions as are authorized by law . . . or such other order with respect to the continued prosecution or defense of the action as is just and proper." D. Conn. L. Civ. R. 16(f).

pleading and discovery obligations" and "the court should therefore find the issues in favor of the defendants." Westport does not respond.

For the reasons set forth below, the motion (document no. 32-A) is DENIED.

## FACTS

The following procedural facts are relevant to the within motion:

On October 17, 2002, Westport filed the complaint in this action. On June 21, 2004, Westport filed a motion "for substitution of party defendant." Specifically, Westport argued that the court should allow it to substitute "the Connecticut Insurance Guaranty Association ("CIGA") . . . as a defendant in this action in place . . . of The Legion Insurance Company ("Legion")." Westport stated that the substitution was necessary due to a Pennsylvania court order "staying all action against Legion pending its liquidation."

The same day, June 21, 2004, the defendants sent a letter to Westport requesting a copy of the Westport insurance policy ("the policy") at issue in this action. On July 29, 2004, the defendants served Westport with a formal request for production of the policy.

On July 14, 2004, the court granted Westport's motion to substitute CIGA as a defendant absent objection. Westport, however, failed to file an amended complaint naming CIGA as a defendant.

On September 8, 2004, the defendants filed a two-part motion to "compel and/or dismiss"(document no. 25).  Specifically, the defendants argued that the court should issue an order compelling Westport to file an amended complaint naming CIGA as a defendant.  In addition, the defendants argued that if Westport failed to file an amended complaint, the court should "dismiss this action [against Legion] . . ."

On September 27, 2004, the defendants filed a motion (document no.27) to compel Westport to produce the policy.

On October 14, 2004, the court granted in part the defendants' two-part motion to compel and/or dismiss.  Specifically, the court granted the motion to compel (document no.28) Westport to file an amended complaint naming CIGA as a defendant.  As to the motion to dismiss, the court stated that if Westport failed to file an amended complaint within 21 days, the court would "dismiss the action against CIGA."

On October 29, 2004, the defendants filed the within motion(document no.32-A) for summary judgment arguing that in light of Westport's failure to file an amended complaint and failure to produce the policy, the court should "find the issues in favor of the defendants."

On November 2, 2004, the court granted the defendants' motion to compel Westport to produce the policy.  Westport subsequently produced the policy.  On November 30, 2005, Westport filed an amended complaint naming CIGA as a defendant.

The same day, on November 30, 2005, the defendants filed a second motion for summary judgment (document no.44) and the plaintiffs filed their first motion for summary judgment (document no.41). Those cross-motions for summary judgment address the substance of the insurance policy and its application to this action. The defendants second motion for summary judgment (document no.44) and Westport's first motion for summary judgment (document no.41) remain pending before the court.

On April 12, 2005, the court denied the second part of the defendants' two-part motion to dismiss in light of the fact that Westport had filed an amended complaint naming CIGA as a defendant.

## DISCUSSION

The defendants argue that the court should consider "whether the plaintiff's failures" to file an amended complaint and produce the policy "constitute sufficient cause for disposition of the case in favor of the defendants" pursuant to Fed. R. Civ. P. 16(f), D. Conn. L. Civ. R. 16(f), and Fed. R. Civ. P. 37(b).

When a party fails to obey a pretrial or discovery order, Federal Rules 16(f) and 37(b), as well as Local Rule 16(f), give the court the power to issue an order that "designated facts shall be taken to be established for the purposes of the action" against the party that violated the order. The decision of whether to issue such orders, however, is a matter at the court's discretion. See Fed. R. Civ. P. 16(f)(stating the court "*may* make such orders .

. . as are just . . .")(emphasis added); Fed. R. Civ. P. 37(b)(stating the court "*may* make such orders in regard to the failure as are just . . .")(emphasis added).

Within a month of the defendants' filing the within motion, Westport filed an amended complaint. In addition, Westport produced the policy at issue in this action. In light of the plaintiff's filing and production, the court concludes that determining the case on the merits is preferable to issuing an order establishing facts in favor of the defendants.

Furthermore, both parties have subsequently filed cross-motions for summary judgment (document nos. 41 and 44) addressing the substance of the action. The court concludes that it is preferable to determine whether genuine issues of material fact exist in ruling on the subsequent cross-motions for summary judgment (document nos. 41, 44).

Accordingly, the defendants' initial motion for summary judgment (document no. 32A) is DENIED.

It is so ordered, this____ day of April, 2005 at Hartford, Connecticut.

```
                              _____
                              Alfred V. Covello
                              United States District Judge
```

5